

Jonathan A. Bernstein, Partner
Writer's Direct: (917) 693-7245; jb@lijblaw.com

August 1, 2023

**By ECF**

The Honorable Ann Donnelly, U.S.D.J.
United States Court House
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Sylla v. Amazon Labor Union,
               23 Civ. 5261 (AMD) (TAM)

Dear Judge Donnelly:

    We are of counsel to Julien, Mirer, Singla & Goldstein, PLLC, which represents Amazon Labor Union and Chris Smalls, the Defendants in this matter. Defendants intend to move to dismiss this action in its entirety. Accordingly, I write pursuant to Paragraph 4(A)(i) of Your Honor's Individual Practices and Rules to request a pre-motion conference and to address the bases of Defendant's proposed motion.

First Cause of Action

    Plaintiffs seek relief for denial of the equal right to vote in violation of Labor Management Reporting and Disclosure Act § 101(a)(1). ECF No. 9 ¶ 78.[1] Specifically, they complain that "defendant has violated the equal right of Plaintiffs and all members, except for the President and Executive Board Members[,]" to vote. *Id.*

    The gravamen of the Complaint is that the Union and its President, having denied Plaintiffs their purported right to vote for union officers, should be compelled to hold officer elections.[2] However, LMRDA § 101(a)(1) does not confer such rights. Section 101(a)(1) provides only that members and classes of members shall not be discriminated against in their right to nominate and vote. *Calhoon v. Harvey,* 379 U.S. 134, 139 (1964). Plaintiffs would have this Court believe that the current structure of the Union and provisions for timing of the

---

[1] ECF No. 9, the operative pleading, is denominated "Verified Complaint." However, the verification page of the document is unsigned.

[2] Defendants concede the truth of the allegations only for purposes of a motion to dismiss.

first representational election constitute denial of their right to vote, but that theory has been rejected by the Second Circuit. *Members For a Better Union v. Bevona*, 152 F.3d 58, 65 (2d Cir. 1998) ("[t]o be viable, a claim under [LMRDA Title I] must [] allege denial of some privilege or right to vote which the union has granted to others"). That is, Title I "does not provide any absolute voting rights to members." *Smith v. Bowers*, 337 F. Supp. 2d 576, 587 (S.D.N.Y. 2004). In the absence of an allegation that Plaintiffs have been denied a right or privilege to vote that the union has granted to others, the claim must be dismissed. *Bevona*, 152 F.3d at 65.

## Second Cause of Action

Plaintiffs complain that Defendants (1) violated their right to express views, arguments and opinions about Union affairs and (2) engaged in a scheme to suppress dissent in violation of § 101(a)(2). Cplt. ¶ 80. As to (1), Plaintiffs allege that [e]ither Smalls or Palmer told [Plaintiff] Cioffi that he was not allowed to attend a meeting due to his association with Spence and the reformists, that the Board subsequently hired security as gatekeepers to the workers meetings, that Cioffi was told by unnamed persons that his union membership was revoked and that the Union lawyers would no longer work with him on his NLRB case. *Id.* ¶ 68 Plaintiffs do not allege that Cioffi was actually prevented from attending a specific meeting. Plaintiffs do not allege that Mr. Cioffi's membership was actually revoked but rather that someone told him that his membership was revoked. Plaintiffs do not allege that the Union's lawyers would not advocate for him at the NLRB, but rather that someone told him so.[3]

Most importantly, Plaintiffs do not allege that any person was fined, suspended, expelled, or otherwise disciplined for exercising any right to which he or she is entitled under the provisions of the LMRDA. Section 101(a)(2) is directed primarily at actual, not threatened, discipline. *Petramale v. Local No. 17 of Laborers Int'l Union*, 736 F.2d 13, 17 (2d Cir.), *cert. denied*, 469 U.S. 1087 (1984). Plaintiffs' claim of actual violation of rights must accordingly fail. Indeed, most of the allegations in the complaint show many Plaintiffs resigned from leadership positions and were never disciplined.

As to (2), Plaintiffs contend that the three alleged unfulfilled threats (plus the hiring of security staff) complained of constitute a scheme to suppress dissent. The Second Circuit routinely affirms the dismissal of similar complaints of de minimis "schemes." *E.g.*, *Marsalisi v. N.Y.C. Dist. Council of Carpenters*, 2023 U.S. App. LEXIS 822, at *4-6 (2d Cir. Jan. 13, 2023) (two instances of completed retaliation do not constitute a § 101(a)(2) scheme).

Mr. Cioffi alleges that he is one of 13 persons who formed a reform caucus and began conducting worker organizing training sessions attended by an unstated number of persons. Cplt. ¶ 65. It is not alleged that any of the other twelve were subjected to threats of expulsion or discipline. *Id. passim.* This is not a plausible allegation of a scheme to suppress dissent. *Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F. 3d 178, 185 (2d Cir. 1998) (§ 101 retaliation plaintiff must allege facts showing that the mistreatment complained of

---

[3] In fact, the Julien Mirer firm successfully litigated on Mr. Cioffi's behalf at the NLRB and plan to represent him at the upcoming trial on his discharge from Amazon in June of 2022. Even so, the allegations of the complaint are deemed true for Rule 12 purposes.

was "part of a calculated and deliberate scheme to discourage dissent" among union membership). Action taken by the union against an individual is cognizable under the LMRDA only where the individual adequately pleads that he has become "a symbol for a movement within the rank- and-file members," such that "discipline of that person could be considered threatening to the exercise of Title I rights by union members generally." *Franza v. Int'l Bhd. of Teamsters, Local* 671, 869 F.2d 41, 45 (2d Cir. 1989).

### Third Cause of Action

Plaintiffs allege that Defendants threatened to expel members who complained about the manner in which the Union is being run in violation of § 609. Cplt. ¶ 82. However, a mere threat of disciplinary action or expulsion does not run afoul of § 609. *Finnegan v. Leu*, 456 U.S. 431 (1982).

### Fourth Cause of Action

Plaintiffs complain that Defendants have violated the Union Constitution. Cplt. ¶ 84. They cite no provision of the LMRDA or any other federal statute. In fact, the LMRDA does not create a cause of action in favor of a union member for violation of a union constitution. *E.g., Navarro v. Gannon*, 385 F.2d 512, 516, n.6 (1967) (§ 101 protects only those rights explicitly set forth therein; "[a]n action to enforce the Union constitution and by-laws is not tenable under that section").

To the extent there is a federal cause of action alleging a breach of a union's constitution, such claim is pursuant to § 301 of the Labor Management Relations Act. However, Plaintiffs have failed to plausibly plead the existence of a valid constitution that was breached. Plaintiffs have set forth only conclusory allegations about the alleged approval of the June 2022 Constitution they seek to enforce. Cplt. ¶ 34 ("In June of 2022, the executive leadership of ALU met with its lawyers to revise Constitution 1. The revised Constitution … was adopted first by vote of the Executive Board, and then, as per Constitution 1, by the membership, after notice, utilizing an on-line vote (via an app called Slack)") No specifics of who voted or the tally of the vote was presented.

### Alternative Motion to Stay; Conclusion

Alternatively or in addition, Defendants intend to move under *NLRB v. Indus. Union of Marine & Shipbuilding Workers of Am.*, 391 U.S. 418, 428 (1968) for a stay of the action to require Plaintiffs to exhaust internal Union remedies.

For the reasons set forth in this letter, Defendants request that the Court schedule a pre-motion conference at its earliest convenience.

Respectfully submitted,

/s/

Jonathan A. Bernstein