

Jonathan A. Bernstein, Partner
Writer's Direct: (917) 693-7245; jb@lijblaw.com

August 14, 2023

**By ECF**

The Honorable Ann Donnelly
United States District Judge
United States Court House
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Sylla v. Amazon Labor Union,
           23 Civ. 5261 (AMD) (TAM)

Dear Judge Donnelly:

    We represent Defendants in this matter. Plaintiffs' motion for preliminary injunction is due today. (Order, July 14, 2023). Plaintiff has also requested leave to file a second amended complaint (ECF No. 26) and to strike the Declaration of Cassio Mendoza (ECF No. 27). We write in response to Plaintiffs' Counsel's letters and to request that the preliminary-injunction briefing and proposed amended complaint be filed under seal.

    Notwithstanding the strong presumption of public access to judicial documents, a court may grant a motion to seal in order to preserve "substantial interests.". *Bank v. Verde Energy USA, Inc.*, No. 19-cv-01472 (AMD) (LB), 2020 U.S. Dist. LEXIS 171630, at *20 (E.D.N.Y. Sep. 18, 2020) *quoting Under Seal v. Under Seal,* 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017), *citing Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). In this case, the interest to be preserved is no less compelling than the interests cited by Your Honor in *Bank*.

    Plaintiffs are a faction of the Amazon Labor Union who allege that the Union is being run in an undemocratic manner. Defendants are the Union and its President. The Union and Amazon are, and have been for many months, at loggerheads over certification of the Union as collective bargaining representative. The certification battle has been fought at the National Labor Relations Board (this is the "NLRB Litigation" to which Plaintiffs' counsel refers in his letter to Your Honor).[1]

---

[1] A timeline of the Union's certification is as follows: On April 1, 2022 Amazon Labor Union won the election at the JFK 8 warehouse in Staten Island by more than 500 votes. On April 8, 2022 Amazon filed 25 objections to the election with the NLRB. The Regional Director ordered a hearing on the objections. The objections hearing began June 13, 2022 and ended July

1250 Broadway · 36th Floor · New York · New York 10001
2108 Yardley Road · Yardley · Pennsylvania 19067
Tel 215·493·1980 | 929·274·1151 | Fax 917·210·3898
info@lijblaw.com | www.lijblaw.com

The Plaintiffs, as well as the Defendants, have an interest in maintaining the certification of the election victory at JFK8 in Staten Island. Amazon is monitoring this litigation.

On August 10, 2023, Amazon filed a request to the NLRB to reopen the record of the objections hearing based on allegations in the complaint verified by Plaintiff Sylla and statements made in the Declaration of Connor Spence. Defendants take issue with the truth of the allegations and statements, but Amazon has cited to them as newly discovered evidence that they could not have known about before or during the objections hearing and is thus seeking to undermine the decisions of the hearing officer and the Regional Director  Indeed, allegations in Mr. Spence's Declaration regarding what he claimed to be the status of Cassio Mendoza as a member of the executive board of the union (which Mr. Mendoza states is not the case) is being cited by Amazon as a reason to reopen the record of the objections hearing.

At this point, Defendants believe that Plaintiffs, by making further allegations (which will likely be contested by Defendants) on the public docket to gain an advantage in this litigation is, in effect, giving Amazon a basis to seek to further undermine the very certification which the Plaintiffs seek to protect. We believe this may put the Plaintiffs in conflict with their attorney whose representations to this court, which are contested, could be used by Amazon to undermine the very certification Plaintiffs want.

As for the Declaration of Cassio Mendoza: last week Mr. Mendoza approached Ms. Singla, my co-counsel, and told her that the statements attributed to him in the Spence Declaration were untrue and that he had never served as a Union officer as described by Mr. Spence  Needless to say, Ms. Singla informed Mr. Mendoza that if he was represented by Plaintiffs' counsel (as was stated in Paragraph 3 of Plaintiffs' complaint), she was forbidden to have direct contact with him. Mr. Mendoza informed her that at no time had he retained Mr. Schwartz to represent him.

We do not challenge Mr. Schwartz's contention that inclusion of Mr. Mendoza's name in Paragraph 3 of the complaint was an error. To be sure, we have no personal knowledge of Mendoza's dealings with Mr. Schwartz. Ms. Singla included Mr. Mendoza's statement that he had signed no retainer agreement with Mr. Schwartz lest she be accused of unethical *ex parte* contact.

---

18, 2022. After post-hearing briefs were filed on August 1, 2022, the NLRB hearing officer, on September 1, 2022, recommended to the Regional Director that all of Amazon's objections be overruled. Amazon filed exceptions to the hearing officer's recommendations. On January 8, 2023, the Regional Director overruled all of Amazon's objections and exceptions. Amazon then petitioned for review to the full NLRB.  The full NLRB has not yet ruled.  However, based on a D.C. Circuit Court decision in March, an appeal to the NLRB does not stay the decision of the Regional Director certifying an election. Thus, Amazon should consider the union certified requiring them to bargain with the union.  Amazon does not recognize the certification and refuses to bargain with the union and the NLRB has issued complaints regarding the refusal to bargain.

   We accordingly propose a status conference at which we might discuss the possibility of filing preliminary injunction affidavits and briefing, as well as the proposed amended complaint, under seal, to be followed by an evidentiary hearing at which we can address the factual allegations alleged by Plaintiffs in a context where witnesses may be cross examined so that bare allegations which are contested may not be used by Amazon as if they were true .

   We further propose deferring the filing date of Plaintiffs' motion pending a ruling on this application to seal.

   We have conferred with Mr. Schwartz, who does not oppose this application.

   Thank you for your attention to this matter.

         Respectfully submitted,

           /s/

         Jonathan A. Bernstein