# JULIEN, MIRER, SINGLA & GOLDSTEIN, PLLC

ATTORNEYS AT LAW
1 WHITEHALL STREET 16TH FLOOR
NEW YORK, NEW YORK 10038

JEANNE MIRER        TELEPHONE: (212) 231-2235        RIA JULIEN
SETH GOLDSTEIN      FACSIMILE: (646) 219-0946        RETU SINGLA

November 7, 2023

**VIA ECF**
Honorable Judge Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

                 Re: Sylla et. al v Amazon Labor Union et. al.
                 Case No. 23-cv-05261

Dear Honorable Judge Donnelly,

    In accordance with your Honor's individual rules and in compliance with the Magistrate Judge's instructions,[1] Defendants write to request a pre-motion conference to seek leave to file a motion to disqualify Arthur Schwartz as Plaintiffs' counsel. The reasons for this request are stated below.

    This firm represents Defendants Amazon Labor Union and Christian Smalls in the above referenced matter. On July 10, 2023, Plaintiffs, represented by Counsel Arthur Schwartz, initiated this action against the Defendants. The Complaint alleged inter alia that Defendants failed to schedule an election to vote for internal union officers in violation of Defendant Union's Constitution. The Defendants countered that the Constitution which Plaintiffs were seeking to enforce did not exist as it was never promulgated with the knowledge or approval of the Union's executive officers.

---

[1] On November 2, 2023, the parties had a meeting with the Magistrate as a precursor to the Magistrate setting a date for the settlement conference. The undersigned expressed discomfort with Mr. Schwartz representing Ms. Valentin Nieves in this litigation for the reasons stated in this letter, especially as to breach of attorney client privilege giving Plaintiffs counsel an unfair advantage. The Magistrate stated that this issue be brought forth to you Honor. She further stated that it was necessary to describe the nature of the privileged information and to ensure no one else was present which broke privilege. Plaintiff attaches as Exhibit A a Declaration from Defendant Christian Smalls confirming that Ms. Valentin Nieves has privileged attorney client information from various meetings she attended about the constitution and this lawsuit which the Union has not waived.

In July of 2023 Michelle Valentin Nieves, who was first the Recording Secretary and then Vice President of Defendant Union, not only participated in developing the operative Constitution but she was also deeply involved in developing Defendants' litigation strategy in defense of Plaintiffs' Order to Show Cause heard on July 13, 2023. In each of the attorney client meetings Ms. Valentin Nieves was present for, only officers of the Union and its counsel were present.

Plaintiffs' counsel was aware of this as Ms. Valentin Nieves filed a declaration on July 12, 2023 on behalf of Defendant ALU in opposition to Plaintiffs' Order to Show Cause. (ECF 18) In her declaration, Ms. Valentin Nieves declared under penalty of perjury that she reviewed both the minutes and the audio recordings of the Executive Board meetings from May and June of 2022 and all Slack conversations from the same period. She further declared that Plaintiffs' allegations in ¶34 of the amended Complaint that the "revised constitution" (known as constitution 2 in Plaintiffs' complaint) was adopted by the Executive Board and by the membership, after notice, utilizing an on-line Slack vote, and the allegation in ¶60 that Mr. Spence was excluded from the meetings to revise the constitution were not true. (ECF 18 ¶¶ 5, 18, 19) Thus, Ms. Valentin Nieves stated that the Constitution Plaintiffs seek to enforce in this matter is not a valid constitution and can have no effect. Ms. Valentin Nieves also claimed that she was present with the other Executive Officers in developing the current operative Constitution filed with the Department of Labor in late November of 2022 and provided documents showing Plaintiff Connor Spence was invited to the meeting to revise the original Constitution but he did not show up. (ECF 18 ¶¶18, 19)

Thereafter, Ms. Valentin Nieves for reasons unrelated to Plaintiffs' Amended complaint was no longer Vice President of Defendant Union. An attorney named Kenneth Page notified the undersigned that he had been retained by Ms. Valentin Nieves on an unrelated matter. On October 20, 2023, while Ms. Valentin Nieves was still represented by attorney Page, Plaintiffs' Counsel, Schwartz, told Defendants' counsel that Mr. Page, who allegedly worked for Schwartz for 13 years, permitted Ms. Valentin Nieves to meet with Schwartz. (Ex. B). Then two days later, on October 22, 2023, counsel for Plaintiffs sent another email to Defendant that "Michelle has retained me and wants to be a plaintiff in the Sylla suit." (Ex. C). In response, Defendant notified Defendant's counsel on October 22, 2023 that "Michelle has privileged information and the union has not waived privilege." (Ex. D). The next day, on October 23, 2023, Plaintiffs counsel wrote to Defendants' counsel that Nieves "has joined the Reform Caucus and is [sic] supports their litigation." (Ex. E). At no time did Plaintiffs counsel have the required consent or authorization from Defendant Union to speak with its former officer and agent about the subject matter of the current litigation. Moreover, it is well settled that the Defendant Union holds the privilege, and Ms. Valentin Nieves may not waive such privilege independently.

More importantly, Ms. Valentin Nieves, who is now one of Counsel Schwartz's clients, who he has stated will be a Plaintiff in this matter, is on record with documented proof that

undermines Plaintiffs' claim. Thus she is on record under pains and penalties of perjury and with evidence which directly conflicts with Schwartz's other clients in this case.

That is, Schwartz himself, in support of the Complaint, declares under penalty of perjury that, in June 2022, Defendant Union members voted to amend the Constitution "and provide for an election within two months of the NLRB Certification of ALU's status as the collective bargaining representative." (ECF 3 ¶ 4). However, Ms. Valentin Nieves's declaration, also under penalty of perjury, unreservedly refutes Plaintiffs' allegations and her own new counsel's Declaration. In this scenario, there is a direct and non-waivable conflict between Plaintiffs' claims and Ms. Valentin Nieves' declaration and evidence.

Federal courts have the inherent power to "preserve the integrity of the adversary process" and have broad authority to disqualify counsel. *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)). Courts in the Second Circuit have found that disqualification is warranted where there is a "taint [in] the underlying trial." *Hempstead,* 409 F.3d at 132 (citing *Nyquist,* 590 F.2d at 1246); *see also Streichert v. Town of Chester New York*, No. 19-cv-7133 (KMK), 2021 U.S. Dist. LEXIS 35468, at *4 (S.D.N.Y. Feb. 25, 2021) (holding that when presented with a disqualification motion, the court's role is to "ensure that the proceeding before it is free from taint").

The relevant standard in determining the existence of such a taint is whether the attorney is "potentially in a position to use privileged information concerning the other side." *Nyquist,* 590 F.2d at 1246; *see also United States v. Quest Diagnostics, Inc.*, 734 F.3d 154, 168 (2d Cir. 2013) (upholding the district court's disqualification of counsel because they were in a "position to use defendants' confidential information to give present or subsequent clients an unfair, and unethical advantage"); *Hempstead,* 409 F.3d at 133 (recognizing a "form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client."). The Second Circuit has stated that "in the disqualification situation, any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975).

For months, Ms. Valentin Nieves had acted on behalf of Defendants in this matter and thus continues to possess valuable, privileged information that reflects Defendants' litigation strategy and approach to trial preparation. Thus, for the purposes of access to privileged information, Counsel Schwartz's current representation of Valentin Nieves creates circumstances most akin to situations of concurrent representation, since he now represents both Plaintiffs and Ms. Valentin Nieves, who was an officer for the Defendant Union in this same matter. When analyzing concurrent representation, the Second Circuit has ruled that it is "'prima facie improper' for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Hempstead,* 409 F.3d at 133 (citing *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1387 (2d Cir. 1976)). Because of the taint that this situation presented by

Schwartz's access to the privileged information of opposing sides in this litigation, disqualification is proper in these circumstances unless the attorney can rebut the "presumption of shared confidences." *Victorinox AG v. B&F Sys.*, 709 F. App'x 44, 53 (2d Cir. 2017).

Counsel Schwartz's representation of Valentin Nieves also introduces serious taint to this matter by allowing him direct access to Defendants' privileged information through Ms. Valentin Nieves. This situation subjects Defendants to significant unfair prejudice and gives Plaintiffs an unethical and improper advantage. Merely disqualifying Schwartz as Valentin Nieves's counsel is insufficient since Schwartz's access to privileged information of opposing sides of this litigation has already triggered the presumption of shared confidences. Thus, the present situation warrants disqualification of Schwartz as Plaintiffs' counsel altogether.

Plaintiffs' counsel Arthur Schwartz has egregiously breached the integrity of the adversary process by engaging in the representation of Ms. Valentin Nieves, whose interests are directly adverse to the interests of Plaintiffs, who he had represented already. His representation of Valentin Nieves also places him in a position where he could improperly use Defendants' privileged information against themselves and gain an unfair advantage for Plaintiffs, the taint of which cannot be removed absent his disqualification.

Respectfully submitted,

 /S/ JEANNE MIRER
Jeanne Mirer