

Arthur Z. Schwartz
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

November 20, 2023

By ECF (Seal)

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Sylla et al., v. Amazon Labor Union et al.
                Civil Case No. 23- 05261 (AMD)
                Request for A Pre-Motion Conference On Motion to Disqualify

Dear Magistrate Merkl:

    (*Note: in accordance with the Court's November 17, 2023 Order we are refiling this letter with portions blacked out. The Plaintiffs do not believe that any of this letter should be sealed. What we black out below is that language which we surmise that Defendants will ask to be sealed. We also correct several typographical errors.*)

    We write in order to oppose the Request for a Pre-Motion Conference on a Motion to Disqualify. This letter is not a full-blown opposition to a motion to disqualify, but a summary of why the Court should not allow the Motion to be litigated.

    The Request for a Pre-Motion Conference occurred, as the Court knows, at a very odd moment. The Court had laid out a schedule for the exchange of proposals, conversations between counsel, and then a court-facilitated mediation. The interposition of this Request for a Pre-Motion Conference was not designed to facilitate settlement. And, as we will explain in an off-the record communication, Defendants, who asked to mediate, have abandoned those discussions. The request, clearly was just an effort to delay litigation addressed to a horrible situation at ALU, which has grown day by day; a situation which includes ███████████ ███████████ retaliation against an officer (Michelle Valentin Nieves) who complained about being assaulted in the union office, termination of membership rights of opponents, efforts to cause the loss of employment by opponents, expansion and shrinkage of the union's Executive Board by what has become an omni-potent President (with the assistance of counsel), and a decision to totally ignore a petition by 850 members demanding a union meeting in accordance with any version of the Union Constitution one wishes to follow.



The law is critical here. The most recent decision we could find was by Judge Vyscocil, in the Southern District, in *Elliott Broidy and Broidy Capital Management, Llc, , v. Global Risk Advisors Llc, et al.,*, 2023 WL 7648701, at *6 (S.D.N.Y., November 15, 2023). In that decision Judge Vyscocil wrote that "[a]t the outset, the Court acknowledges that the standard for disqualifying counsel is high and generally such motions are disfavored because they "are often interposed for tactical reasons, and ... even when made in the best of faith, such motions inevitably cause delay.' " *Pagan v. C.I. Lobster Corp.*, 549 F. Supp. 3d 356, 359 (S.D.N.Y. 2021) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791–92 (2d Cir. 1983)). As such, "not every violation of a disciplinary rule will necessarily lead to disqualification." *Hempstead Video*, 409 F.3d at 132."

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). "The dispatch of this duty is discretionary in nature." *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975). "[D]isqualification 'is a drastic measure that is viewed with disfavor in this Circuit.' " *JKAYC, L.L.C. v. Noah Bank,* 2021 WL 4893677, at *5 (E.D.N.Y. Oct. 20, 2021), quoting *Canfield v. SS&C Techs. Holdings, Inc.*, 2020 WL 3960929, at *2 (S.D.N.Y. July 10, 2020). "[D]isqualification is only warranted in the rare circumstances where an attorney's conduct poses a significant risk of trial taint." *Decker v. Nagel Rice LLC*, 716 F. Supp. 2d 228, 231-32 (S.D.N.Y. 2010).

To determine whether disqualification of counsel is proper, courts in the Second Circuit look to the standards for attorneys outlined in the state they are in. *See Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009). Defendants do not cite a particular section of the NY Canons of Ethics, but as we can best make out, they assert that certain communications that the undersigned has had with Ms. Nieves (they do not explain what communication they believe that I had) breached some privilege between the Amazon Labor Union and their counsel, other than to say that Ms. Nieves had been privy to conversations between the union leadership and counsel about a) how the contents of the third union constitution were formulated, and b) how to deny that the second constitution (the June 2022 Amended Constitution, which had been filed by the union as an attachment to its LM-1 form with the US Labor Department) was ever adopted. Whatever they told Ms. Nieves in July 2023, when the initial Preliminary Injunction motion was filed, was produced as part of an affidavit (Docket No. 18) which basically says that she reviewed various minutes, recordings of union meetings, and public Slack channels (none of which are privileged), and determined that the June version of the Constitution was never adopted, and that Mr. Spence wasn't present for discussion of the Third Constitution. Plaintiff's assertion that the Third Constitution was never voted on by any union body authorized to do that is not addressed by Ms. Nieves' declaration; perhaps this is because the meeting was tape recorded and shows ALU President Small announcing that he and "the lawyers" adopted the new



Constitution, and that if anyone didn't like it, they could leave the Union Membership Meeting. Almost everyone left and went on to start the Reform Caucus which brings this lawsuit.

There is one essential fundamental principle that Defendant's counsel does not discuss: that if counsel advised the union leadership about how or whether to do something unlawful, it was not protected or privileged. See, ie. *Guzman v Bevona*, 1995 WL 876386 SDNY (1995), *affirmed,* 90 F.3d 641 (2d Cir. 1996) (threat against union reformer carried out and approved by union counsel was not protected). As we discussed above, it is not clear how Ms. Nieves' declaration evidences any privileged information, except, perhaps, that union counsel allowed her to make an assertion which they knew was not true. In the NLRB trial addressed to Amazon's objections to the Certification of ALU as the collective bargaining representative of the employees at the JFK8 Warehouse, the Second Constitution , and the LM1 filing it was attached to was included as an exhibit, and was testified about. We have not been able to get the whole transcript, but on one day of the hearing Plaintiff Spence, the a Vice President, was a witness called by Amazon. On pages page 15 of Exhibit B, Mr. Spence was asked what date the June Constitution was put into effect; the matter is further discussed on pages 32-33. I am told that the June Constitution was discussed in subsequent testimony, which perhaps ALU Counsel, who were present, can provide. What Mr. Spence testified about the 2nd Constitution was never contested by union counsel, nor did they ever write to the Department of Labor to assert that the LM1 filing was an error. What they did do was create the 3rd Constitution, without any membership vote, and move the union elections from 30 days after NLRB Certification (which occurred in March 2023), to 30 days after ratification of a contract, which may be years down the road.

It is also interesting to note that General Counsel Singla began chairing ALU Executive Board meetings just before the Complaint here was filed. The pre-Complaint filing was delayed while the parties worked towards mediation. A noted union mediator was chosen, he had met with both sides, and then, literally, a day before the mediation, the leadership of ALU pulled out (something we are about to experience once again). In her apologetic text to plaintiff Kathleen Cole (Ex. A) Ms. Nieves explains that Ms. Singla and her partner, Seth Goldstein, ran the Executive Board meeting, counseled against mediation, and won the day. Ms. Cole states that no one on the opposition group trusts Retu [Singla] and Ms. Nieves responds:" I agree with you on Retu." Ms. Singla, clearly, was not just acting as union counsel, giving privileged advice; she has been running ALU, along with Smalls, since the 3rd Constitution was "adopted." That Constitution gave sweeping powers to the Union President.

Despite what I have recited above, the 2nd Constitution vs 3rd Constitution issue will not be pursued as the principal argument of Plaintiffs in the new pleadings and PI Motion we will be pursuing. 850 members filed a Petition on August 15, 2023 demanding a Membership Meeting, with the express purpose of voting on a Constitutional Amendment which would require immediate elections. They have been ignored. Also, in connection with the union President's



████████████████████, Plaintiff Spence requested, on October 20, 2023, pursuant to 29 USC Sections 431(b) and 501, the opportunity to examine the books and records of ALU and its fund raising arm, The Congress of Essential Workers. (See Exhibit C [*copy redacted for purposes of this submission*]). He has been ignored. The new complaint will also challenge Ms. Nieves being ████████████████████████████████████ (See Exhibit D [*copy redacted for purposes of this submission*]). And, in the course of seeking to address the wrongdoings of the ALU President, which counsel are aware of (see Exhibit E), we will seek to have them prohibited from representing Defendant Smalls or the union pursuant to *Tucker v Shaw,* 378 F.2d 304 (2nd Cir. 1967); *Bentivegna v. Bevona*, 1998 WL 78169, at *6 (S.D.N.Y.,1998). We lay all of this out to demonstrate that whatever recorded meetings of the officers Plaintiffs discuss in their Request for a Pre-Motion conference are of little consequence to the ongoing litigation of this case. Ridding Plaintiffs of the representation of the undersigned, who has been litigating union democracy cases since 1980 (see, ie, *Galke v Duffy*, 645 F.2d 118 (2nd Cir 1981) would create a great disadvantage to Plaintiffs.

To bring us back to the "impropriety argued. Plaintiff really cites no case or Canon addressed to the "organization's privilege." NY State Rules of Professional Conduct Rule 4.2 states:

> In the case of a represented organization, paragraph (a) ordinarily prohibits communications with a constituent of the organization who: (i) supervises, directs or regularly consults with the organization's lawyer concerning the matter, (ii) has authority to obligate the organization with respect to the matter, or (iii) whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. **Consent of the organization's lawyer is not required for communication with a former unrepresented constituent.** If an individual constituent of the organization is represented in the matter by the person's own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. *See* Rules 1.13, 4.4. **Emphasis added.**

As we stated earlier, Defendants have not identified any matter that they discussed with Ms. Nieves which is confidential other than strategy in responding to the initial preliminary injunction motion, and the contents of her declaration. But that strategy has been carried out, and the declaration has been published. If Plaintiffs were to call Ms. Nieves as a witness she is fair game for cross-examination. None of this disqualifies her new lawyer either from representing her, or from being lead counsel for Plaintiffs in this case.



Magistrate Taryn A Merkl
November 20, 2023 redacted
Page 5

    The Request for A Pre-Motion Conference should be denied.

                                      Respectfully submitted,

                                      /s/ *Arthur Z. Schwartz*

                                      Arthur Z. Schwartz

cc:      Jeanie Mirer, Attorney for Defendants