UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DR. BRIMA SYLLA, et, al.

Plaintiffs,

-against-

AMAZON LABOR UNION, et, al. .
----------------------------------------------------------------X

Civil Case No. 23-5261

**DEFENDANTS' OPPOSITION TO MICHELLE VALENTIN NIEVES' MOTION TO INTERVENE**

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PROPOSED INTERVENOR MICHELLE VALENTIN NIEVES' MOTION TO INTERVENE

Defendants, Amazon Labor Union and Chris Smalls (collectively the "Union") by and through their attorneys Julien Mirer Singla & Goldstein, PLLC, submit this memorandum of law in opposition to Michelle Valentin Nieves' (hereinafter "Proposed Intervenor") Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Proposed Intervenor Valentin Nieves filed her request to intervene on February 22, 2024. There is no basis for this motion and it should be summarily denied. The Union believes the motion was filed in bad faith as none of the allegations she makes in the motion have any basis of fact. The motion was premised on Proposed Intervenor Valentin Nieves' claim that she currently holds the title of Vice President of the Union. Indeed she used an outdated version of Amazon Labor Union stationary which referred to her as Vice President to file her Petition. Proposed Intervenor however has not been Vice President of the Amazon Labor Union since October 9, 2023. See Declaration of Jeanne Mirer hereafter "Mirer Declaration" paragraph 4 and Declaration Exhibit 1. Proposed Intervenor has refused to accept her removal and continues to

1

claim the title and continually misrepresents herself as Vice President in many different spaces and ways, including in this Court. Mirer Declaration paras 6 to 7. Proposed Intervenor in her petition for intervention claims as the basis for the motion that (1) she was only given 24 hours' notice that she would not be participating in the December 8, Settlement Conference, (2) that the parties to the January 5, 2024 Consent agreement were violating the terms of the order and the constitution in the implementation of the order. Specifically, she claims the parties gave misleading information about the purpose of the mass meeting and claims there should have been 30 days' notice of that meeting which is incorrect. See Mirer Declaration paragraph 24 and Declaration Exhibit 2 Article 7.1.

The issue of Proposed Intervenor's exclusion from the Settlement Conference was settled on November 30, 2023, when as a solution to the Defendants' motion to disqualify Mr. Schwartz from representing the Plaintiffs was that he would not represent her and she would not come to the settlement conference as she was not a party to the case. Mirer Declaration paragraphs 11 to 12. As noted above, her claims regarding violations of the notice requirements of the constitution are incorrect and the parties' representation of the purposes of the mass meeting are correct so that there are no misrepresentations. They are certainly not valid bases for seeking intervention. Further, she has no standing as a nonparty to seek to enforce the terms of the settlement agreement, nor has she pointed to any valid reason why the parties are not capable of seeking to enforce the agreement should there be violations.

Proposed Intervenor claims to have filed her motion with a heavy heart, and out of deep concern for the governance of the union. In reality, the Proposed intervenor has put her own interest in remaining an officer over the interests of the union as a whole. Her behavior in relation to other union members and in fomenting disputes with them (which were the subject of

the independent investigation of which the Court has a copy) and which led to the other executive officers' decision to terminate her from the position of an appointed interim Vice President show she was not only terminated in conformity with the constitution but also there were valid reasons related to harmony in the union to do so. The Proposed Intervenor since the time of her removal has decided that if she cannot have her position she will engage in actions designed to discredit the union and cause more division. She has interfered with the Union's ability to communicate with the members by refusing to turn over the passwords to the union's email and social media accounts despite repeated requests to return them. See Mirer Declaration paragraphs 8, 9, 18 to 22 and Declaration Exhibits 1 and 3. Indeed, in her letter in support of intervention, she claims that she used the Union's Facebook channel, which she has no right to use, to inform the members of the alleged misrepresentations of the purposes of the mass meeting, when what she conveyed about the purposes of the meeting and the valid notice time was absolutely wrong. See Mirer Declaration paras 14 to 18. As noted, the Proposed Intervenor was told repeatedly to turn over to the union the union's property and all the passwords to Gmail and social media platforms. Her refusal led to the inability of the Union to use what email lists they had to diffuse the notice of the mass membership meeting until February 16, 2024. While Defendants recognize that The Proposed intervenor is pro se in this motion, she has not come anywhere close to stating a valid basis for intervention as of right or permissive intervention.

## **LEGAL STANDARD**

Federal Rule 24 allows a non-party to intervene in ongoing litigation as of right or by permission of the court. Fed. R. Civ. P. 24. To intervene, an intervenor bears the burden of demonstrating that it meets the requirements for intervention. See *U.S. Postal Serv. v. Brennan*,

579 F.2d 188, 191 (2d Cir. 1978). Importantly, "[m]otions to intervene are highly fact-specific and tend to resist comparison to prior cases." *Id.* "Because 'prior decisions are not always reliable guides,' courts are guided by practical and equitable considerations in an effort to balance 'efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand.'" *Id*. (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)). In addition, "an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention[.]" [*17] *Brennan v. N.Y.C. Bd. of Educ.,* 260 F.3d 123, 129 (2d Cir. 2001) (quoting *Oneida Indian Nation v. New York,* 732 F.2d 261, 265 (2d Cir. 1984)). See, *SEC v. Richard Xia* (E.D.N.Y. Mar. 4, 2024, No. 21-CV-5350 (PKC) (JAM)) 2024 U.S.Dist.LEXIS 37768, at *16-17.)

Rule 24(a) sets forth the standards for intervention as of right, which, provides that a court "must" permit intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

To establish a right to intervene under Rule 24(a)(2), an intervenor must "(1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 176 (2d Cir. 2001). "[This] test is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria." [*18] *Tachiona ex rel. Tachiona v. Mugabe,* 186 F.

Supp. 2d 383, 394 (S.D.N.Y. 2002) (citing *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984)). However, "[f]ailure to meet any one of these requirements suffices for a denial of [an intervention application]." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197-98 (2d Cir. 2000).

Importantly, "[i]n applying the Rule, courts must be cognizant that its various components . . . are not bright lines, but ranges—not all interests are of equal rank, not all impairments are of the same degree, representation by existing parties may be more or less adequate, and there is no litmus paper test for timeliness." *Floyd*, 302 F.R.D. at 83-84 (alterations in original) (internal quotation marks omitted) (quoting *Hooker Chems. & Plastics Corp.*, 749 F.2d at 983). "[A]lthough the Rule does not say so in terms, common sense demands that consideration also be given to matters that shape a particular action or particular type of action." *Id.* at 84. See *SEC v. Richard Xia* (E.D.N.Y. Mar. 4, 2024, No. 21-CV-5350 (PKC) (JAM)) 2024 U.S.Dist.LEXIS 37768, at *17-18.)

Rule 24(b)(1)(B) sets forth the standards for permissive intervention, which provides that the district court may grant permissive intervention when: (1) an application is timely, and (2) a federal statute confers a conditional right to intervene or (3) an applicant's claim and the main action share a question of law or fact in common. See *Restor-A-Dent Dental Lab. v. Cert. Alloy Prod,* 725 F.2d 871, 876 (2d Cir. 1984). Further, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *H.L. Hayden Co. of New York v. Siemens Medical*, 797 F.2d 8, 89 (2d Cir. 1986) (quotation, citation, and alteration omitted). Undue delay or prejudice to the original parties' rights is "[t]he principal guide in deciding whether to grant permissive intervention." *Pitney Bowes*, 25 F.3d at 73 (citation omitted).

# ARGUMENT

I. **PROPOSED INTERVENOR VALENTIN NIEVES FAILS TO MEET THE THRESHOLD FOR THE RIGHT TO INTERVENE IN THIS ACTION**

Proposed Intervenor Valentin Nieves does not state a basis for Intervention as of Right.

**Intervention as of Right**

1. Timeliness of the Motion

To determine whether an intervention motion is timely, the circumstances generally considered are: (a) how long the applicant had notice of the interest before it made the motion to intervene; (b) prejudice to existing parties resulting from any delay; (c) prejudice to the applicant if the motion is denied; and (d) any unusual circumstances militating for or against a finding of timeliness. *TGP Commc'ns, LLC v. Doe*, No. 22-1836-cv, 2023 U.S. App. LEXIS 16308, 2023 WL 4230020, at *1 (2d Cir. June 28, 2023) (affirming denial of motion to intervene as untimely).

Proposed Intervenor claims she was denied the right to be part of the settlement conference on December 8, 2023, as Vice President and only got 24 hours' notice that she was not allowed to attend the settlement conference. Had she not engaged in conduct which caused her removal as interim Vice President she would have joined the other interim officers at the settlement conference. However, she was legally removed as Vice President on October 9, 2023, and no longer had the right to participate in discussions or decisions of the union's leadership. See Mirer Declaration paragraph 4 and Declaration Exhibit 1.

After Proposed Intervenor was removed as Vice President she decided to switch sides in the litigation and join the Plaintiffs' cause even though she was never officially added as a party. On November 7, 2023, the motion to disqualify Schwartz for representing Ms. Valentin Nieves was filed by the undersigned counsel. [D.E. 31]. On November 30, 2023, in a hearing on the

matter, *inter alia,* of the disqualification, Mr. Schwartz stated he would no longer represent Ms. Valentin Nieves and it was agreed she would not attend the settlement conference as she was not a party. As noted below in reference to her interest relating to the transaction, even if she had been informed by Mr. Schwartz on November 7, 2023, when the motion for his disqualification was filed and filed an intervention petition in case he was removed, the fact of her 24-hour notice of being excluded from the settlement conference is of no moment as she had no right to be present and participate in the settlement discussions. Indeed, Mr. Schwartz had been seeking to turn the case into one which required the union to reinstate her as Vice President, a claim not present in the Plaintiffs' complaint was filed on July 10, 2023, and which Defendants saw as a tangential issue in the litigation. Nonetheless, it was not until February 22, 2024, that Proposed Intervenor filed her Motion to Intervene. This occurred after the referendum called for in the Consent Order filed on January 5, 2024, had been completed. The intervention with respect to the agreement which became the consent order is clearly untimely as Proposed Intervenor seeks to undo an agreement of the parties and approved by this court.

2. Interest Relating to the Property or Transaction in the Action

As stated above, the second factor in determining whether a motion to intervene as of right should be granted is whether the proposed intervenor can claim "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Under Rule 24(a)(2), this interest must be "direct, substantial, and legally protectable." *Brennan*, 260 F.3d at 129 (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the [R]ule." *Washington Elec. v. Mass. Mun. Wholesale Elec*, 922 F.2d 92 (2d Cir. 1990). While

Proposed Intervenor would like the decision on her removal from office overturned, her removal from office is not an issue in the litigation. She has filed a human rights complaint and an unfair labor practice but those are not matters in this case. Her only interest in this case is as a union member who will be allowed to vote in one or more elections. In Proposed Intervenor's letter supporting her intervention, she refers the Court to the Union's original constitution of 2021 and not the one she participated in writing and defending in a sworn declaration in this case. The Constitution she was governed by is the November 2022 constitution which provides for her removal from office in the manner she was. See Mirer Declaration paragraphs 4 to 5.

3. Impairment of Interests by Disposition of the Action

The third element of the intervention-as-of-right standard concerns whether the intervenor can demonstrate that, absent intervention, the disposition of the action may, as a practical matter, impair or impede its interests. *Pitney Bowes*, 25 F.3d at 69-70. Specifically, "[i]mpair refers to a diminution in strength, value, quality, or quantity." *First Cap. Consumer Membership Servs., Inc.*, 206 F.R.D. at 363 (emphasis omitted). In light of the Proposed Intervenor's failure to meet the first two elements for invention by right, Proposed Intervenor's interest will not be impaired by the Court denying her motion to intervene.

4. Lack of Adequate Representation of Interests by the Parties

Under Rule 24(a)(2), the intervenor's burden of demonstrating "inadequacy of representation is generally speaking 'minimal[.]'" *Butler*, 250 F.3d at 179 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972)). "The requirement of [Rule 24(a)(2)] is satisfied if the applicant shows that representation of his interest 'may be' inadequate[.]" *Trbovich*, 404 U.S. at 538 n.10. Even if Proposed Intervenor Valentin Nieves' motion was timely, she has failed to state why she as opposed to the parties to

the litigation are incapable of raising issues of failure to comply with the consent order should such occur.

The Proposed Intervenor fails to satisfy the first, second, third, and fourth elements of Rule 24(a)(2). Therefore, an intervention by right should not be granted.

## II. PROPOSED INTERVENOR VALENTIN NIEVES FAILS TO MEET THE THRESHOLD FOR PERMISSIVE INTERVENTION IN THIS ACTION

As stated above, the Proposed Intervenor fails to satisfy the legal standard for Rule 24(a)(2). Absent intervention as of right, the Court may permit intervention if Proposed Intervenor satisfies Rule 24(b)(1).

Like Rule 24(a), Rule 24(b) also requires a motion to intervene to be "timely," and as explained above, the Motion was not. Proposed Intervenor unduly delayed in filing the Motion and, in so doing, prejudiced the existing parties. Accordingly, the Motion should be denied as untimely under Rule 24(b). *See Pitney Bowes*, 25 F.3d 66 at 74 (holding that "[t]he district court's finding that [proposed intervenor's] application was untimely for purposes of intervention as of right applies as well to permissive intervention").

As no federal statute grants a right to intervene, the Proposed Intervenor must show that the instant action and her claim share a common question of law or fact. However, Proposed Intervenor does not explain how she will significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. As aforementioned, Proposed Intervenor's motion is based on the flawed premise that she currently holds the title of Vice President of the Union. Further, she erroneously refers the Court to the Union's original constitution of 2021. The Constitution she was governed by is the November 2022 constitution which provides for her removal from office in the manner

she was. Because the issues she seeks to develop are not central to the underlying factual issues in the suit, and the legal questions she seeks to inject are not those presented by the suit, there is no basis for permissive intervention.

Accordingly, the undersigned respectfully recommends denying the motion for permissive intervention under Rule 24(b).

## CONCLUSION

For the reasons stated above, Defendants respectfully request the Court deny Proposed Intervenor Valentin Nieves' Motion to Intervene.

Dated: New York, New York
       March 12, 2024

Respectfully submitted,

/s/  Jeanne Mirer

Julien Mirer Singla & Goldstein, PLLC
1 Whitehall Street, 16th Floor
New York, New York 10004
(212) 231-2235
jmirer@workingpeopleslaw.com
*Attorney for the Defendants*