UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DR. BRIMA SYLLA et, al.

No.: 23-CV-05261

Plaintiffs,

-against-

AMAZON LABOR UNION et. al.

Defendants.
-----------------------------------------------------------------x

## DECLARATION OF JEANNE MIRER

I, Jeanne Mirer hereby declare:

1. I am the attorney of record for the Defendants Amazon Labor Union ("ALU") and Christian Smalls, President of ALU.

2. I have personal knowledge of the facts stated in this Declaration and if called to testify I could testify to the information contained in my declaration.

3. I submit this declaration and supporting exhibits in opposition to the motion to intervene in this proceeding filed by Michelle Valentin-Nieves on February 22, 2024.

4. As this Court is aware from the litigation surrounding the Defendants' motion to disqualify Mr. Schwartz from representing Ms. Michelle Valentin Nieves, Ms. Valentin Nieves was removed from her position as the appointed interim Vice President on October 9, 2023. See Exhibit 1.

5. The decision to remove her as Vice President was made pursuant to the Amazon Labor Union Constitution she helped to write. In Exhibit 2, the November 2022 Constitution under the heading of "Leadership Provision Antecedent to Initial

1

Representation Elections" pages 14-15, it states that "the provisional executive board may by a vote of the majority remove any provisional board member." The decision to remove Ms. Valentin Nieves from her role as Vice President was based on an independent investigation into allegations she made against another union member which were not substantiated. A copy of the full report was emailed to this Court on November 8, 2023, in conjunction with the motion to disqualify Mr. Schwartz.

6. In her letter to this Court, however, Ms. Valentin Nieves continues to misrepresent herself as the Vice President of the Amazon Labor Union.

7. Unfortunately, Ms. Valentin Nieves has refused to recognize that she no longer is the appointed interim Vice President and has continued to spread false information regarding her removal from office. She has continued to misrepresent herself as Vice President in numerous spaces on social media.

8. Ms. Valentin Nieves also refuses to return to the Union the passwords needed to the Union to continue its work, send emails, use its social media platforms, and the like to communicate with members.

9. Rather than being subject to a scheme to suppress dissent, Ms. Valentin Nieves has suppressed the Union's ability to communicate with its members.

10. Ms. Valetin Nieves complains that she was prevented from coming to the settlement conference on December 8, 2023, with only 24 hours' notice.

11. As this Court is aware, Defendants made the motion to disqualify Mr. Schwartz on November 7, 2023, [D.E. 31] based on the fact that he was seeking to represent Ms. Valentin Nieves who had previously been represented by undersigned counsel and

was seeking to introduce into the case allegations about Ms. Valentin Nieves' removal from office.

12. In counsels' conference with the Court on November 30, 2023, to discuss the issue of Mr. Schwartz's representation of Ms. Valentin Nieves in the case, it was agreed that Mr. Schwartz would inform her that he was no longer representing her. Regardless, of her not knowing about her removal from the settlement conference, it was recognized by all that she would not be present at the settlement conference as she was not a party.

13. Ms. Valentin Nieves claims that the parties are not complying with the Consent Order.

14. She claims that the notice of the mass meeting was a 10-day notice rather than a thirty-day notice and spoke of the contract fight with Amazon and not the vote. This is inaccurate for many reasons.

15. Firstly, the Consent Order stated that the discussions at the mass meeting would be to update the members as to union activities and the status of the collective bargaining as well as to inform the members of a referendum as to whether there should be a vote for officers within certain time frames.

16. There is no requirement for any specific number of days-notice for this mass meeting in the Constitution. See Exhibit 2 p. 9 paragraph 7.1, which has no specific number of day-notice for a general membership meeting and only 5 days-notice for a special meeting. The only requirement for at least 30 days-notice is the provision on the nominating procedures. See Exhibit 2 p. 7. Article 5.1 (b).

17. Flyers advertising both purposes of the meeting were circulated widely.

18. In her letter seeking intervention, Ms. Valentin Nieves fails to disclose that she has wrongfully retained the passwords to the union's emails and social media platforms.

19. She was requested to turn over all union property and these passwords in her letter of termination. See Exhibit 1.

20. On December 24, 2023, I sent her a letter again requesting she turn over the passwords and property of the union. See Exhibit 3.

21. The reason why communication regarding the purpose of the mass membership meeting did not go out by email until February 16, 2024, was because it took that long for Mr. Spence to convince Google that his access to the emails had been stolen by Ms. Valentin Nieves and to return ownership to him so the union could send out the emails.

22. Ms. Valentin Nieves could legitimately be brought up on charges and tried and removed as a member for her actions but the parties decided not to do so.

23. Ms. Valentin Nieves' plea for justice is hollow considering the damage she has done to the union for refusal to return the Union's property and passwords.

24. Indeed, Ms. Valentin Nieves' actions since she was terminated in trying to interfere with the functioning of the union only reinforce the original decision to remove her from office.

I declare and certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: New York, New York
March 12, 2024

_____
Jeanne Mirer