

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

April 4, 2024

By ECF

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Sylla, et al. v. Amazon Labor Union et al.
                Civil Case No. 23-05261 (AMD)
                <u>Various Letters Seeking Intervenor Status and Court Update</u>

Dear Judge Merkl:

      I write to address the astounding letter submitted late last evening by counsel for the Defendants.

      The parties reached an agreement to settle a lawsuit which settled litigation addressed to differing views about which Constitution would be applied to a dispute over when to have a union election. Included was a petition by 800 members submitted in August 2023 demanding a membership meeting for the purpose of amending whatever constitution was in effect so that it would provide for an immediate election. That petition, as of October 2023, had been ignored, and Judge Donnelly granted Plaintiffs leave to file an amended complaint to seek, among other things, an order directing that the meeting petitioned for be held.

      The Consent Order (not just a private settlement) was a compromise, pursuant to which the members of the union would be given a chance to vote about whether to have an election. The vote took place over a 5 day period, with voting tables right at the front door of the warehouse. The table was set up from 2pm to midnight during the first 4 days, and until 2am on the last day. Leaflets had been distributed, and emails to the unions email list had been sent out, in advance, under the direction of Attorney Richard Levy, a union lawyer with 55 years of



experience, much of it as General Counsel to the largest union in NYC. No one was deprived of the right to vote.

The current union Officers, Chris Smalls (who was chosen by the union founders to be President in October 2021) and two members who Smalls appointed some time in 2023, campaigned vigorously for a "No" vote. The plaintiffs campaigned for a "Yes" vote, and they won by a 60-40 margin. Since then Attorney Mirer has done her best to stall the decision about when the election will occur. Plaintiffs have announced a slate. Ms. Valentine-Nieves has announced a slate. Both groups are campaigning. Last week Attorney Levy decided that there will be a Nominations Meeting on May 11, 2024, which would allow an election to be heard as early as June 11, 2024.

The Consent Order is not a private agreement which needs to be enforced; it is an Order, which Ms. Mirer signed, on behalf of her clients, as an officer of the Court. For her to present a totally baseless argument now that the Consent Order, and the subsequent vote pursuant to that Consent Order is illegal because it violated the illegal election provisions of the December 2022 Constitution that Chris Smalls imposed on the union without a vote, is absurd. I say illegal because Title IV of the LMRDA requires that unions have elections no more than once every three years, and that even newly formed unions have an election withing three years of their founding. The LMRDA Regulations make this clear. **29 CFR § 452.14, tiled Newly formed or merged labor organizations** states

> The initial selection of officers by newly formed or merged labor organizations is not subject to the requirements of title IV. Such labor organizations may have temporary or provisional officers serve until a regular election subject to the Act can be scheduled. **An election under all the safeguards prescribed in these regulations must be held within a reasonable period after the organization begins to function. What would be a reasonable time for this purpose depends on the circumstances, but after the formation or consolidation of the labor organization, a regular election subject to title IV may not be deferred longer than the statutory period provided for that type of organization.**

That statutory period is three years. See **29 CFR § 452.23 Frequency of elections,** which states:



The Act requires that all national and international labor organizations (other than federations of such labor organizations) elect their officers not less often than every five years. Officers of intermediate bodies, such as general committees, system boards, joint boards, joint councils, conferences, and certain districts, district councils and similar organizations, must be elected at least every four years, and **officers of local labor organizations not less often than every three years.**

Attorney Mirer knows, quite well, that if the Amazon Labor Union didn't have an election by October, the Secretary of Labor would intervene and force one. The provision of the Chris Smalls Constitution which would allow him and his two hand-picked friends to run the union (with no other officers or an executive board) until there was a contract with Amazon, which could be years away, was wholly illegal.

On March 12, 2023, in a brief to this Court, Attorney Mirer argued that Ms. Valentine-Nieves has no right to either intervene as of right, or permissively. She now creates a jurisdictional basis for an intervention, 29 USC Section 185, which only allows members to enforce international union constitutions, which the Courts deem a "contract among labor organizations" (see *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71,* 502 U.S. 93, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991), but not local union constitutions, "While an international union's constitution is considered to be an inter-union contract that is subject to § 301, "union members' disputes regarding breaches of local union constitutions do not fall within the boundaries of § 301 because such disputes are between an individual member and a union." *Dinuzzo v. Local 79, Laborers Int'l Union of N. Am., AFL-CIO*, No. 03 Civ. 4112, 2003 WL 21378596, at *3 (S.D.N.Y. June 16, 2003)" *Grant v. Communications Workers of America, Local 1101*, 2017 WL 6000605, at *8 (S.D.N.Y., 2017). And try as she might, Attorney Mirer cannot now create a claim under 29 USC Section 411(a)(1), which is only violated if some members and not others do not get a right to vote. *Members For a Better Union v. Bevona*, 152 F.3d 58 (2d Cir.1998).

The two new individuals who seek to intervene do not raise Attorney Mirer's issues. They go on and on in their letter about how incompetent and dishonest Chris Smalls is. That is not a grounds to allow intervention and for Attorney Mirer to use that intervention as a means to reopen the Consent Order. The three individuals who have written pro se letters seeking to intervene are, in fact, running as a ticket for union office.

The assistance we will need from the Court will involve securing a mailing list so that members get the 15 day statutory mail notice of the union election, and, hopefully, some assistance at allowing illegally fired (as per the NLRB) candidates access to non-work areas.



Hon. Taryn A. Merkl
April 4, 2024
Page 4

      Ms. Mirer's letter would barely survive scrutiny under Rule 11, and should be given to credence by the Court.

                                        Respectfully submitted,

                                       /s/ *Arthur Z. Schwartz*

                                        Arthur Z. Schwartz

cc:    Jeanne Mirer, Esq. (via ECF)
        Richard Levy, Esq.
        Proposed Intervenors, by ECF and Email