

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

April 4, 2024

By ECF

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Sylla, et al. v. Amazon Labor Union et al.
               Civil Case No. 23-05261 (AMD)
               Various Letters Seeking Intervenor Status and Court Update

Dear Judge Merkl:

      I write to address the second unethical letter submitted by counsel for the Plaintiffs.

      None of those who have asked the Court to stop the election process now well underway. That much was stated by Mr. Toure, Ms. Mirer has taken what he wrote "out of context," or is "deliberately making statements which are fellicious (sic)." Mr. Toure and the others are running as a ticket in the election, and are already out campaigning for office, as are four of the Plaintiffs. No one wants the election which the members voted to proceed, as per the Consent Order, to be stopped, except for Ms. Mirer, and her client, Chris Smalls, and the two other officers he appointed. All the proposed intervenors are concerned about is having a fair election, and all of them, having held office, and having been "fired" by Mr. Smalls, are properly concerned that the process is fair. And as the suspected, Ms. Mirer and Mr. Smalls are working to torpedo the process moving forward under the Consent Order. Attorney Mirer's letter to the Court this weekend is only one element.

      The most blatant action to date occurred on Friday April 12, 2024. Within 5 days of the tabulation of the vote authorizing the election, plaintiffs put forward a lengthy, detailed election plan, which would commence with a Nominations Meeting on May 11, followed by an election during the 5 days following June 11. The Plaintiffs were able to get the United Federation of



Hon. Taryn A. Merkl
April 14, 2024
Page 2

Teachers (UFT) to allow use of their meeting hall, about 2 miles from The Amazon warehouse, for the meeting, free of charge. The undersigned communicated with the UFT contact, copying Ms. Mirer, Mr. Smalls, and our agreed upon Neutral, Richard Levy, on my email. There was no objection voiced. We then had to come up with a notice, to be distributed no later than April 12, 30 days in advance (as required by the ALU Constitution). Plaintiffs proposed a Notice, it was shared with Ms. Mirer and Mr. Smalls, and their only objection was to the date, which had been set weeks before by Mr. Levy. Mr. Levy approved the Notice in the form annexed as Exhibit A. Beginning April 10 the Notice began distribution at the front door of the JFK warehouse, and on April 11 it was emailed out to thousands of JFK 8 employees who had given their information over the years to ALU.

On April 11, 2024, Mr. Smalls sent an email to the UFT trying to cancel the meeting. See Exhibit B. He told the UFT: "May 11th is way to(sic) soon last thing we want is for workers to raise more interventions concerning notification. I hope this clears it up as far as not consenting to May11th." I contacted the UFT person and told him that Mr. Smalls had no authority to send that email. I also emailed Mr. Small and advised him that what he had done violated a Court Order, and that if he did it again I would seek to have him held in contempt. In response Attorney Morer wrote to the UFT and attempted to do what Smalls had done. Her email is annexed as Exhibit C. She stated that, "There was no agreement on the date for the nominations meeting. Mr. Levy made a decision without ensuring the ALU was on board with the date and before the parties, not lawyers, discussed the matter. " (This was entirely false, and we could produce over a dozen emails back and forth over the issue, which culminated in a phone call with counsel and Mr. Levy. Finally, our Neutral, Richard Levy, wrote to the UFT and told them that Attorney Mirer had no authority to do what she did, and confirmed the May 11 date. His email is annexed as Exhibit D. He stated:

> There was a dispute between the parties on the date for the nominations meeting. The current union officers, represented by Ms. Mirer, favored pushing the date out much later while the caucus, represented by Mr. Schwarz, advocated for a date in early May. My obligation under the consent order was to see that a nominations meeting was held and followed by an election in June or July. Given that parameter, May 11th seemed quite appropriate. A much later date seemed likely to push the election beyond, the framework set out in the consent order.



Hon. Taryn A. Merkl
April 14, 2024
Page 3

> I directed that the union and the caucus go ahead with the nominations meeting on May 11th both because the date was appropriate and because the UFT had agreed to provide space on that date.
>
> That decision, made pursuant to the consent order was binding on the parties and attempts by one side to upset the meeting date is, in my view, highly inappropriate. At this point, the date and location has been set, the membership has been notified of that date and there is no basis for the current arrangement to be changed

Attorney Mirer, I assume under Mr. Smalls' direction then took the step of asking for a conference with the Court to discuss her view (which she attributes to the proposed Intervenors) that the Consent Order "violates the ALU Constitution, and must be undone."

As I stated in my letter last week, The parties reached an agreement which settled litigation addressed to differing views about which Constitution would be applied to a dispute over when to have a union election. The Consent Order (not just a private settlement) was a compromise, pursuant to which the members of the union would be given a chance to vote about whether to have an election. The vote took place over a 5 day period, with voting tables right at the front door of the warehouse. The table was set up from 2pm to midnight during the first 4 days, and until 2am on the last day. Leaflets had been distributed, and emails to the unions email list had been sent out, in advance, under the direction of Attorney Richard Levy, a union lawyer with 55 years of experience, much of it as General Counsel to the largest union in NYC. No one was deprived of the right to vote. The current union Officers campaigned vigorously for a "No" vote. The plaintiffs campaigned for a "Yes" vote, and they won by a 60-40 margin. Since then Attorney Mirer has done her best to stall the decision about when the election will occur.

The emails we discuss above, and now Attorney Mirer's letter to the Court are a part of the effort to abort the agreement which this Court helped get the parties to agree to, and which Judge Donnelly approved. There is no need for a Court conference. If the three pro se litigants are allowed to intervene at this point, post settlement, with other complaints about Mr. Smalls, that should have no impact on the election. I think intervening five months after a settlement makes no sense, and the three, to the extent they have gripes about their treatment by Mr. Smalls and his co-officers, should file a new lawsuit. But, as Mr. Toure very clearly said, Attorney Mirer is deliberately putting false words in his mouth. There should be no "meeting" about Ms. Mirer's concerns.



Hon. Taryn A. Merkl
April 14, 2024
Page 4

      We will be submitting an All-Writs Act application to the Court on April 15, 2024. I have advised Amazon's attorneys. It would be appropriate for Judge Donnelly to assign the motion to you, but I do not get to make that call.

                             Respectfully submitted,

                             /s/ *Arthur Z. Schwartz*

                             Arthur Z. Schwartz

cc:    Jeanne Mirer, Esq. (via ECF)
        Richard Levy, Esq.
        Proposed Intervenors, by ECF and Email