UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. BRIMA SYLLA, CONNOR SPENCE, DAVID-DESYRÉE SHERWOOD, KATHLEEN COLE, SULTANA HOSSAIN, TRISTIAN MARTINEZ, JUSTINE MEDINA, BRETT DANIELS, RUEL MOHAN, ROB MCDONALD, PASQUALE CIOFFI, SAM BOWMAN, JOE LUCCHESE, ROBERT PECORARO, YACKISHA NEBOT-LOPEZ, AIDE ESTUDILLO, BRIANA ANDERSON, NAQUASIA ROWLAND, TAMIA CAMPBELL, JENNIFER SCHOFIELD, MICHAEL RIVERA, CHRISTIAN MOHANSINGH, JAMES BARDO, ABDULA DIALLO, IBRAHIM BALDE, FELICIA REESE, IGOR MABIKA, MICHAEL LOPEZ, NICHOLAS FERRUGIARO, ABDULLAH SESAY, KAREEM LINDSAY, LILLIAN LOPEZ, TREMAYNE YOUNGBLOOD, ALI GIGNI, MANNY THOMPSON, RJEEN RODRIGUEZ, SIMONE SUE, LATIFAH X, COMRAD BROWN, JORDAN SILVEIRA, RICHARD COTTO, DEYANIRIS MOTE, JESSICA EDMONDS, KIMBERLY MERISE, BIANCA BUTLER, MICHAEL ANTONIO, MARK JOHNSON, CRAIG AYALA, JOHN PHILIP, LASALLE DELLA ROCA, CHRIS KOKO, CHRISTINA JIMMY, CHARLES JOHNSON, CHRIS PHILIP, AHMED BOBACAR, CATY RIDREGO, DURVIS SAINT LUIS, KEVIN BERTMAN, AALIYA DIAMOND, MOHAMED AWES, ALI DAWUD, FRED FIBIO, ISMAEL MENDOZA, BRIANA PACHECO, JAYSHAWN BAZEMORE, AMANI CLAUDIA, CHRISTOPHER WHRIGHT, EZEKIEO BENSON, ETHAN COPER, JOSEPH DEJESUS, ISOLA OKUNU, ARIANA JOHNSON, MOSTEP STEP, ABAYOMI "BAYOU" ABIMBOLA, GABRIEL WEBBS, ALIYYAN AZIZ, EMMANUEL JEAN, ANTOINETTE GRAY, DON ELIJAH, ERIC HARRIS, RONDU JOHN, NICOLE FLORES, MERLDON GUSTAVE, MOHAMED GACK, JOE JOHNSON, and ADRIAN JOHN,

                  Plaintiffs,

-against-

Civil Case No. 23-5261

**DECLARATION OF ARTHUR SCHWARTZ IN SUPPORT OF ALL WRITS ACT ORDER TO SHOW CAUSE**

AMAZON LABOR UNION, and CHRIS SMALLS,
as President of the Amazon Labor Union,

                                                 Defendants.
------------------------------------------------------------------X

      ARTHUR Z. SCHWARTZ, attorney for Plaintiffs, declares as follows under the penalties of perjury.

      1.    This is an application, pursuant to the All-Writs Act, seeking to have the Court direct a third party, Amazon.com Services, LLC (hereinafter "Amazon"), which is the employer of all members of the Amazon Labor Union, which is having its first ever officer election pursuant to this Court's January 10, 2024 Consent Order

      a)    to provide a third-party mailing house with the name and address of all hourly full-time and regular part-time fulfillment center associates employed at the Amazon JFK8 building located at 546 Gulf Avenue, Staten Island, New York, (hereinafter "JFK8"), on or before May 12, 2024, unless notified by the Neutral Monitor adjudicating disputes under this Court's Consent Order of January 10, 2024 that said list is not needed because there will not be a contested election in the Amazon Labor Union;

      b)    to allow employees who are running for office in the election which will be occurring in the Amazon Labor Union, who are qualified to run for that office due to their current employment at Amazon, or because they are terminated employees currently challenging their termination through a legal process, including, but not limited to, the National Labor Relations Board,

           1.    access to all areas outside the front entrance of JFK8, so long as access to the doors of JFK8 are not blocked;

           2.    access to all employee break rooms within JFK8;

2. The Amazon Labor Union ("ALU") was certified, by the Regional Director of Region 29 of the National Labor Relations Board ("NLRB"), on January 11, 2023, pursuant to Section 9(a) of the National Labor Relations Act ("NLRA"), as the exclusive collective bargaining representative of "all hourly full-time and regular part-time fulfillment center associates employed at the Amazon JFK8 building located at 546 Gulf Avenue, Staten Island, New York," (hereinafter "JFK8"). See Ex. A.

3. Amazon has appealed that certification to the NLRB, but has not succeeded in overturning the certification.

4. On July 12, 2023 the NLRB General Counsel issued a complaint against Amazon for refusing to bargain with the ALU, in violation of the NLRA. See Exhibit B. That complaint is being contested by Amazon, and has not yet gone to trial.

5. On numerous dates, both at JFK8 and at other warehouses across the country where ALU and other unions have launched organizing drives, Amazon has enforced a "Solicitation" policy, which prohibits "the solicitation of any kind by employees on company property during working time" and prohibits the "distribution of literature or materials of any type or description by employees in working areas at any time." Amazon has used that policy to terminate a number of union activists, one of which is Plaintiff Connor Spence, who was discharged on November 29, 2023, for violating that policy. The NLRB has issued no fewer than 18 complaints against Amazon for enforcing this policy, including a complaint alleging that Connor Spence's termination was unlawful. Those complaints have been consolidated, see Exhibit C, and a trial is currently underway.

6. In around July 2023 the instant lawsuit was filed seeking to have an election of officers in the ALU.

7. On January 10, 2024, after the parties resolved their dispute about whether to have an election, a Consent Order, Exhibit D, was signed by Judge Donnelly.

8. Under the terms of that Order, a referendum was held from February 27, 2024 through March 2, 2024, about whether to have an officer election. ALU set up a table about 25 feet to the right of the door where all employees enter, during 10–12-hour periods, to facilitate voting. The area facing the JFK8 warehouse is a huge parking lot which is not gated, and which has no security stopping vehicles. During the first day of voting security personnel told the tablers that they had to leave the space adjacent to the building. The Neutral Monitor chosen by the parties pursuant to the Consent Order, called counsel for Amazon, who told him that the voting table could stay as long as no terminated employees, most especially Chris Smalls, the ALU President, and Connor Spence, were not anywhere with 100 feet of the building. The table remained under these conditions.

9. The members of ALU who voted, voted in favor of having an officer election, and election of a Constitutional Revision Committee, and to hold that election in June or July 2024.

10. In order to have a valid election in a private sector union, under the Labor Management Reporting and Disclosure Act, notice of the election must be mailed to the potentially eligible members at least 15 days before the election. See 29 U.S. Code § 481(e). The parties have agreed any employee in the NLRB-recognized bargaining unit who signs a membership card will be eligible to vote in the election. The union, at the direction of the NLRB, gave the union a list back in 2022 (called an *Excelsior* list), but that list is extremely out of date because Amazon has a high turnover at JFK8. The only source of a complete list is Amazon.

11. Amazon's counsel has been asked by the Neutral Monitor, and by counsel for the ALU, whether they will provide a copy of the current employee list to a neutral third-party mail house, which could send out the mailing without turning over the list to ALU. This would be

much the same way as an employer allows a mailing in a class action discrimination case to be sent out. They have refused. I have made them aware that this application is being made, and, in fact, they have been furnished with a copy of this Proposed Order to Show Cause.

12. Some of the Plaintiffs have announced an intention to run for office. Mr. Spence has been nominated by a group created by the plaintiffs to run for President of the ALU. Mr. Sylla is running for Vice President, Ms. Cole is running for Recording Secretary, and Ms. Hossain is running for Secretary-Treasurer. They have an interest in the election being conducted, both as members and as candidates.

13. As a first step towards an election, after discussion, the Neutral selected May 11, 2024 as the date for nominations. Notice of the nominations meeting (which does not have to be by mail) has been distributed to employees coming into and out of JFK 8 since April 10, 2024. A copy of the Notice is annexed as Exhibit E.

14. Under the ALU Constitution, the election can be held 30 days after the nominations meeting, dependent, of course, on the proper LMRDA notice by mail. Ideally, the election would be scheduled beginning June 11, 2024, and (if Plaintiffs' proposal is adopted) proceeding for five days until June 15, 2024 in front of the JFK8 building. But the election cannot be scheduled until there is a means to obtain the list.

15. Additionally, it is clear, based on what occurred in February, 2024, that Connor Spence, even though a candidate for President, could be barred from campaigning outside the front doors of JFK8, which the other possible candidates for President, who are not terminated employees, would be allowed to do. Connor Spence would also be barred from entering the facility to campaign in non-work areas, something the other candidates would be allowed to do, even under Amazon's unlawful no-solicitation [literature distribution] policy which brought

5

about Connor Spence's unlawful firing. This would also create an unlawful advantage to a not-fired candidate.

16. Plaintiffs are seeking a narrowly tailored order. They do not seek to have a copy of the Amazon employee mailing list, but seek to have it given to a third-party mailer so that it can be used to send out an Election Notice. They do not seek to have fired workers who are eligible candidates, such as Connor Spence, to be able to roam freely in the JFK8 building; they seek to have him allowed to campaign near the doors of JFK8 (perhaps shaking hands of members, or engaging in conversation), and they seek access to the employee break room adjacent to the parking lot, which has a door that opens to the parking lot, so that fired but eligible employees can engage fellow members there.

17. Only with the Court's intervention can this narrow relief be achieved. If it is not achieved, the injury will be irreparable.

18. We move by Order to Show Cause in order to have the list in place at a mail house no later than May 8 or 9, 2024, so that a timely notice can go out. Given the facts, the law, and the reasonableness of the ask, this Court should sign the Order to Show Cause, and make it returnable in short order, so that relief can be effectuated on or before May 87, 2024.

WHEREFORE, Plaintiffs request that the Court sign the Order to Show Cause and grant the relief sought therein.

Dated: New York, New York
April 18, 2024

/s/ *Arthur Z. Schwartz*
Arthur Z. Schwartz
ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
*Attorneys for Plaintiffs*
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
aschwartz@afjlaw.com