**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 28**

**AMAZON.COM SERVICES LLC**

    **Employer**

    **and**                                            Case 29-RC-288020

**AMAZON LABOR UNION**

    **Petitioner**

## DECISION AND CERTIFICATION OF REPRESENTATIVE

Pursuant to a stipulated election agreement, Region 29 of the National Labor Relations Board conducted an election on March 25, 26, 28, 29, and 30, 2022,[1] to determine whether fulfillment center employees employed by Amazon.com Services LLC (Employer or Amazon) at its JFK8 Building (JFK8) in Staten Island, New York wished to be represented for purposes of collective bargaining by Amazon Labor Union (Petitioner or ALU). The tally of ballots showed that of the approximately 8325 eligible voters, 2654 cast ballots for the Petitioner, and 2131 cast ballots against representation, with 67 non-determinative challenged ballots. Therefore, the Petitioner received a majority of the votes, by a margin of 523 votes.

Thereafter, on April 8, the Employer timely filed 25 objections to conduct affecting the results of the election. The Employer also filed a Motion to Transfer Proceedings for a hearing on its objections. On April 14, the General Counsel transferred this case to Region 28 of the National Labor Relations Board. On April 29, I issued an Order Directing Hearing and Notice of Hearing on Objections (Order Directing Hearing or April 29 Order), ordering that a hearing be conducted to resolve the issues raised with respect to the objections.

After conducting a post-election hearing, Hearing Officer Lisa J. Dunn, on August 2, issued a Report on Objections (Report), in which she recommended overruling the objections in their entirety. The Employer filed exceptions to the Hearing Officer's Report and recommendations. The Petitioner filed an answering brief.

Having carefully considered the exceptions and briefs, the Hearing Officer's rulings made at the hearing are free from prejudicial error and are hereby affirmed, except as otherwise noted in this Decision.[2] I have reviewed and considered the evidence and arguments presented

---

[1] All dates refer to 2022 unless otherwise indicated.

[2] At page 6 of the Report, the Hearing Officer mistakenly referred to "Section 102.68(e)(ii) and (iii) of the Board's Rules," instead of Section 102.69.

Amazon.com Services LLC
Case 29-RC-288020

to vote for the Petitioner in the election. To the extent that the Employer argues in its exceptions that the Hearing Officer analyzed Objection 22 under a "subjective standard," I do not construe the Report to do so.[44]

Accordingly, for these reasons, and those given by the Hearing Officer, I agree with her conclusion to overrule Objection 22.

## CONCLUSION

Based on the above and having carefully reviewed the entire record, the Hearing Officer's Report and recommendations, the exceptions and arguments made by the Employer, and the Petitioner's answering brief, I overrule the objections, and I shall certify the Petitioner as the representative of the appropriate bargaining unit.

## CERTIFICATION OF REPRESENTATIVE

**IT IS HEREBY CERTIFIED** that a majority of the valid ballots have been cast for Amazon Labor Union, and that it is the exclusive representative of all the employees in the following bargaining unit:

INCLUDED: All hourly full-time and regular-part time fulfillment center associates employed at the Employer's JFK8 building located at 546 Gulf Avenue, Staten Island, New York.

EXCLUDED: Truck drivers, seasonal employees, temporary employees, clerical employees, professional employees, managerial employees, engineering employees, maintenance employees, robotics employees, information technology employees, delivery associates, loss prevention employees, on-site medical employees, guards and supervisors as defined by the Act.

## REQUEST FOR REVIEW

Pursuant to Section 102.69(c)(2) of the Board's Rules and Regulations, any party may file with the Board in Washington, DC, a request for review of this decision. The request for review must conform to the requirements of Sections 102.67(e) and (i)(1) of the Board's Rules and must be received by the Board in Washington by **January 25, 2023**. If no request for review is filed, the decision is final and shall have the same effect as if issued by the Board.

A request for review may be E-Filed through the Agency's website but may not be filed by facsimile. To E-File the request for review, go to www.nlrb.gov, select E-File Documents,

---

[44] I correct what appears to be a minor error in the Report at pg. 142, where the Hearing Officer stated that Smalls was "in a vehicle at the bus stop across from JFK8," when the testimony by Mr. Delancey indicates merely that Smalls "was there," without additional details specified [Tr. at 1261].