UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

**AMAZON.COM SERVICES LLC**

and                                                                                    Case No. 29-CA-310869

**AMAZON LABOR UNION**

## COMPLAINT

This Complaint is based on a charge filed by Amazon Labor Union (the Union). It is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board (the Board) and alleges that Amazon.com Services LLC (Respondent) has violated the Act as described below.

1. The charge in Case No. 29-CA-310869 was filed by the Union on January 25, 2023, and a copy was served on Respondent by U.S. mail that same day.

2. At all material times, Respondent, a Delaware limited liability company with a Fulfillment Center located at 546 Gulf Avenue, Staten Island, New York (JFK8 Facility) has been engaged in the retail sale of consumer products throughout the United States.

3. During the past twelve-month period, which period is representative of its operations in general, Respondent, in conducting its business operations described above in paragraph 2:

   (a) derived gross revenues in excess of $500,000, and

   (b) purchased and received at its JFK8 Facility goods and supplies valued in excess of $5,000 directly from enterprises located outside the State of New York.

1

4. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

5. At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

6. The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> **INCLUDED**: All hourly full-time and regular-part time fulfillment center associates employed at the Employer's JFK8 building located at 546 Gulf Avenue, Staten Island, New York.
>
> **EXCLUDED**: Truck drivers, seasonal employees, temporary employees, clerical employees, professional employees, managerial employees, engineering employees, maintenance employees, robotics employees, information technology employees, delivery associates, loss prevention employees, on-site medical employees, guards and supervisors as defined by the Act.

7. (a) Pursuant to a stipulated election agreement entered into by the parties in Case No. 29-RC-288020, the NLRB conducted an election on various dates in March 2022, among Unit employees described above in paragraph 5.

(b) On April 1, 2022, a Tally of Ballots in Case No. 29-RC-288020 issued showing a majority of the valid votes were cast for the Union.

(c) On January 11, 2023, a Regional Director of the Board certified the Union as the exclusive collective-bargaining representative of the Unit.

(d) At all material times since April 1, 2022, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

8. On or about April 2, 2022, and on multiple subsequent occasions, the Union, by letter, requested that Respondent bargain collectively with the Union as the exclusive collective-bargaining representative of the Unit employees.

9. Since on or about April 2, 2022, Respondent has failed and refused to bargain with the Union as the exclusive collective-bargaining representative of the Unit.

10. Respondent's purpose in refusing to bargain with the Union is to test the certification of the Union as the exclusive collective-bargaining representative of the Unit issued by a Regional Director of the Board on January 11, 2023, in Case No. 29-RC-288020.

11. By the conduct described above in paragraphs 9 and 10, Respondent has failed and refused to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Unit, and thereby has been engaging in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act.

12. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

13. As part of the remedy for the unfair labor practices alleged above, and to fully remedy the unfair labor practices, the General Counsel seeks an order requiring Respondent:

(a) to make the bargaining-unit employees whole for the lost opportunity to engage in collective bargaining at the time and in the manner they were entitled to under the Act;

(b) to physically post the Notice to Employees in all locations where Respondent typically posts notices to employees, including but not limited to employee breakrooms (Table Top displays) and in all "inStallments" (employee bathrooms and bathroom stalls), and that Respondent electronically distribute the Notice to Employees by all methods that Respondent communicates with its employees, including but not limited to email, text message, social media, Voice of Associates (VOA) and applications, including the Amazon A to Z app and its "inSites." The physical and electronic Notice shall be in English and in Spanish and any other languages deemed necessary to apprise employees of their Section 7 rights;

      (c)    by an appropriate Respondent Representative, to be determined and approved by the Regional Director, or in the alternative, an Agent of the NLRB to read the Notice to Employees, in English and Spanish and any other languages deemed necessary, in the presence of a Board agent and a representative of the Charging Party Union, at a meeting(s) convened by Respondent for its employees, such meeting(s) to be scheduled during work hours to ensure the widest possible employee attendance;

      (d)    to hand deliver and email the signed Notice to Employees to all supervisors, managers and agents, along with written instructions signed by an appropriate Respondent representative, to be determined and approved by the Regional Director, directing them to comply with the provisions of the Notice, and provide the Regional Director with written proof of compliance;

      (e)    As part of the remedy for Respondent's unfair labor practices alleged above in paragraphs 9 through 11, the General Counsel seeks an Order requiring Respondent to bargain in good faith with the Union, on request, for the period required by *Mar-Jac Poultry Co.,* 136 NLRB 785 (1962), as the recognized bargaining representative in the appropriate unit; and

      (f)    all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Complaint. The answer must be **received by this office on or before July 26, 2023, or postmarked on or before July 25, 2023**. Respondent also must serve a copy of the answer on each of the other parties.

4

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a Complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Complaint are true.

Any request for an extension of time to file an answer must, pursuant to Sections 102.22 and 102.2 of the Board's Rules and Regulations, be filed electronically by the close of business on

July 26, 2023. The request should be in writing and addressed to the Regional Director of Region 29.

Dated:  July 12, 2023

*[signature: Teresa Poor]*

Teresa Poor
Regional Director
National Labor Relations Board
Region 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

**AMAZON.COM SERVICES LLC**

    **and**                                                      Case 29-CA-310869

**AMAZON LABOR UNION**

**AFFIDAVIT OF SERVICE OF: COMPLAINT**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on July 12, 2023, I served the above-entitled document(s) by e-issuance as noted below, upon the following persons, addressed to them at the following addresses:

Ray Roach , General Manager
Amazon.com Services LLC
546 Gulf Avenue
Staten Island, NY 10314

Kurt G. Larkin , Esq.
Hunton Andrews Kurth LLP
951 East Byrd Street
Suite 700
Richmond, VA 23219

Amber M. Rogers , Esq.
Hunton Andrews Kurth LLP
1445 Ross Avenue, Suite 3700
Dallas, TX 75202

Seth Lewis Goldstein , Esq.,
Julien, Mirer, Singla and Goldstein
One Whitehall Street, 16th Floor
Manhattan, NY 10004

Chris Smalls , President
Amazon Labor Union
900 South Avenue, Suite 100
Staten Island, NY 10314

July 12, 2023

| | |
|---|---|
| _____ | FREDA DEVONSHIRE, Designated Agent of NLRB |
| Date | Name |
| | /S/ FREDA DEVONSHIRE |
| | Signature |