

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

PATRICK L. ROBSON
DIRECT DIAL: 212 • 309 • 1157
EMAIL: probson@HuntonAK.com

April 22, 2024

FILE NO: 056186.0000010

**Via ECF**

The Honorable Ann M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Sylla, et al. v. Amazon Labor Union et al.*, Civil Case No. 23-05261 (AMD) (TAM)

Dear Judge Donnelly:

We represent non-party Amazon.com Services LLC ("Amazon"), in connection with the Order to Show Cause for All Writs Act Order ("Motion") filed by Plaintiffs (ECF 62 & 62-1–62-7) in the above-caption action (the "Action"). My colleagues will be appearing for Amazon at the conference on April 25, 2024 Your Honor set for discussing whether the Motion can be resolved without further litigation.[1]

In order to facilitate the discussion at that conference, we write to inform the Court that on April 2, 2024, non-party Raymond Roach, the general manager of the Amazon fulfillment center in Staten Island referred to as "JFK8," was also served a Rule 45 subpoena for the production of documents ("Subpoena") by Defendants in the Action. (A copy of the Subpoena is attached as Exhibit A.) Much like the Motion, the Subpoena asks Mr. Roach and Amazon to compile lists of the names and contact information of all current employees and certain former employees who are or would have been "qualified … for membership in the [Amazon Labor Union ('ALU')] bargaining unit at JFK8," presumably in connection with an ALU leadership election that Defendants and Plaintiffs agreed to in the consent order Your Honor entered on January 10, 2024 (ECF 46).

Both the Motion and the Subpoena raise similar legal issues that may significantly affect Amazon's legal right to challenge certification of the ALU. Amazon denies that the ALU represents any "bargaining unit" at JFK8 and any suggestion that a valid union election has been held at JFK8. Plaintiffs and Defendants know that Amazon is challenging the results of the union election at JFK8 and the current certification of the petitioned-for bargaining

---

[1] We informed counsel for Plaintiffs and Defendants on April 22 that we would be submitting this letter to Your Honor and informed them of the substance of it.

**HUNTON**
ANDREWS KURTH

The Honorable Ann M. Donnelly
April 22, 2024
Page 2

unit. Any agreement by Amazon to provide the lists that the parties seek through their Motion and Subpoena, respectively, threatens to strip Amazon of its right to obtain NLRB and judicial review of the certification of the ALU and Amazon's objections to the results of the union election. *King Radio Corp. v. N. L. R. B.*, 398 F.2d 14, 20 (10th Cir. 1968) ("When an employer honors a certification and recognizes and begins bargaining with the certified representative, it waives a contention that the election and certification are invalid."); *see also Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717 (9th Cir. 2018) (same); *Technicolor Gov't Servs., Inc. v. N.L.R.B.*, 739 F.2d 323, 327 (8th Cir. 1984) (same)

      Amazon has scrupulously avoided any suggestion that it has recognized the ALU in order to preserve its own right to have its day in federal court if the NLRB denies its request for review. If Amazon undertakes a review of its employee records, conducts the analysis needed to compile the requested lists, and then provides Plaintiffs and/or Defendants with those lists, Amazon risks being found to have recognized the ALU, and so having waived its right to challenge certification. *E.g.*, *Peabody Coal Co. v. N.L.R.B.*, 725 F.2d 357, 365 (6th Cir. 1984) (stating that even "limited recognition" of a union prior to the disposition of the certification proceedings "may be taken as a waiver of objections to union representation," and that "[t]here is no legal basis to force such a choice").[2]

      It is unreasonable to require Amazon to risk prejudicing its due-process rights in another proceeding—particularly *now*, given that the consent order (that is the only basis for the Motion and the Subpoena) is under attack by other union members who have sought to intervene in the Action. (*See* ECF 49 (alleging the consent order did not comply with the ALU's constitution and bylaws).) Indeed, Defendants themselves have said that the intervenors "raise issues of law that this Court and Defendant ALU is concerned with," and that "the current consent order must be withdrawn or re-negotiated." (ECF 57, at 1–2.)

      Given the serious issues raised by the Motion and Subpoena—and the potentially grave implications for Amazon's due-process rights—Amazon believes the Motion should be denied and the Subpoena should be quashed. Accordingly, we will be asking Your Honor at the April 25 conference to enter a briefing schedule that will allow the parties and non-party Amazon to present these issues more fully to the Court in a consolidated manner.

---

[2] Amazon's rights are neither inchoate nor hypothetical. It is currently litigating these very issues before the NLRB. *See Amazon.com Services LLC v. Amazon Labor Union*, NLRB Case No. 288020, at https://www.nlrb.gov/case/29-RC-288020.



The Honorable Ann M. Donnelly
April 22, 2024
Page 3

                                      Respectfully submitted,

                                      Patrick L. Robson

cc:      All counsel of record, via ECF
         Proposed Intervenors, via ECF and U.S. Mail