

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

PATRICK L. ROBSON
DIRECT DIAL: 212 • 309 • 1157
EMAIL: probson@HuntonAK.com

FILE NO: 056186.0000010

April 22, 2024

**Via ECF**

The Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   ***Sylla, et al. v. Amazon Labor Union et al.*, Civil Case No. 23-05261 (AMD) (TAM)**

Dear Judge Merkl:

> We represent nonparties Raymond Roach and Amazon.com Services LLC (collectively, "Amazon"), in connection with a Rule 45 subpoena for the production of documents ("Subpoena") served on Mr. Roach by Defendants in the above-caption action (the "Action"). (A copy of the Subpoena is attached as <u>Exhibit A</u>.) As described below, Amazon should not be required to create the documents that Defendants seek.[1]

> This matter arises out of the Action, a struggle between at least two different factions of the Amazon Labor Union ("ALU") for control of the union. The parties to the Action purportedly settled their dispute under the consent order entered in January 2024 by Judge Donnelly (ECF 46). Thereafter, Defendants in the Action served the Subpoena on Mr. Roach, the general manager of an Amazon fulfillment center in Staten Island referred to as "JFK8," requesting that he compile lists of the names and contact information of all current employees and certain former employees who are or would have been "qualified … for membership in the ALU bargaining unit at JFK8." The purpose of the Subpoena is presumably to facilitate an ALU leadership election that Defendants and Plaintiffs agreed to in the consent order. The Subpoena is improper for several reasons.

> First, the face of the Subpoena makes clear that Defendants are not asking Amazon to provide documents that already exist, but rather to create new documents. But Rule 45 does not allow Defendants to force Amazon to create new documents. Fed. R. Civ. P.

---

[1] On April 17 and 22, 2024, we conferred in good faith with counsel for Defendants, as required under Local Civil Rule 37.3(a), to request that the Subpoena be withdrawn, but we were unable to resolve the dispute.



45(a)(1)(A)(iii) (requiring subpoena to command recipient to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises"); *In re Nonparty Subpoenas Duces Tecum*, No. 18-MC-468 (GBD)(KNF), 2019 WL 2122898, at *5 (S.D.N.Y. May 15, 2019) ("Rule 45 … does not contemplate or authorize commanding the subpoenaed person to create documents, including a "simple listing"). The Subpoena should be quashed on that basis alone.

Second, Amazon denies that the ALU represents any "bargaining unit" at JFK8 and any suggestion that a valid union election has been held at JFK8. Defendants know that Amazon is challenging the results of the union election at JFK8 and the current certification of the petitioned-for bargaining unit. Accordingly, no JFK8 employee is "qualified" (as termed by Defendants) to be a member of a legally recognized bargaining unit. Said differently, no Amazon employee is covered by a valid recognized bargaining unit. Requiring compliance with the Subpoena threatens to strip Amazon of its right to obtain NLRB and judicial review of the certification of the ALU and Amazon's objections to the results of the union election. *King Radio Corp. v. N. L. R. B.*, 398 F.2d 14, 20 (10th Cir. 1968) ("When an employer honors a certification and recognizes and begins bargaining with the certified representative, it waives a contention that the election and certification are invalid."); *see also Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717 (9th Cir. 2018) (same); *Technicolor Gov't Servs., Inc. v. N.L.R.B.*, 739 F.2d 323, 327 (8th Cir. 1984) (same)

Amazon has scrupulously avoided any suggestion that it has recognized the ALU in order to preserve its own right to have its day in federal court if the NLRB denies its request for review. If Amazon undertakes a review of its employee records, conducts the analysis needed to compile the requested lists, and then provides Defendants with those lists, Amazon risks being found to have recognized the ALU, and so having waived its right to challenge certification in court. *E.g.*, *Peabody Coal Co. v. N.L.R.B.*, 725 F.2d 357, 365 (6th Cir. 1984) (stating that even "limited recognition" of a union prior to the disposition of the certification proceedings "may be taken as a waiver of objections to union representation," and that "[t]here is no legal basis to force such a choice"); *Coffman*, 895 F.3d at 727 (holding that the interactions between the employer and union constituted voluntary recognition of the bargaining unit that waived the employer's objection certification). It is unreasonable to require Amazon to take such action that prejudices its legal rights in another proceeding.[2]

---

[2] Amazon's rights are neither inchoate nor hypothetical. It is currently litigating these very issues before the NLRB. *See* Amazon.com Services LLC v. Amazon Labor Union, NLRB Case No. 288020 at https://www.nlrb.gov/case/29-RC-288020.



Finally, the unreasonable and disproportionate nature of Defendants' request is particularly clear given that the consent order (that is the only basis for the Subpoena) is under attack by other union members who have sought to intervene in the Action. (*See* ECF 49 (alleging the consent order did not comply with the ALU's constitution and bylaws).) Indeed, *Defendants themselves* stated in their April 3, 2024 submission that the motions to intervene "raise issues of law that this Court and Defendant ALU is concerned with," and that

> [a]s much as Defendants would like to oppose these motions to intervene, there are statements and arguments made therein that lead Defendants to believe that moving forward with enforcing the Consent Order, which Defendants negotiated and executed in good faith, could place Defendant Union in the position of being sued by members like the proposed intervenors, for violating the Union's Constitution, and also violating the Labor Management Reporting and Disclosure Act, (LMRDA) by effectively disenfranchising thousands of potential voters. **Due to these risks, Defendants believe that the current consent order must be withdrawn or re-negotiated**.

(ECF 57, at 1–2.)

Requiring compliance with the Subpoena is thus premature because it requires Amazon to forfeit a critical legal right by providing information to Defendants that may well have no purpose. The burden to Amazon of compliance is, therefore, clearly disproportionate to Defendants' needs for the information, particularly given that Amazon is a nonparty to the Action. *E.g.*, *Athalonz, LLC v. Under Armour, Inc.*, No. 24 MISC. 0047 (DEH), 2024 WL 1555685, at *3 (S.D.N.Y. Apr. 10, 2024) ("[W]ithin this Circuit, courts have held nonparty status to be a significant factor in determining whether discovery is unduly burdensome.").

On April 18, Plaintiffs filed a motion under the All Writs Act seeking information similar to what Defendants seek (ECF 62) and raising several of the same issues raised by the Subpoena. On April 19, Judge Donnelly ordered a conference for April 25 on that motion. At that conference, nonparty Amazon intends to seek leave to file a motion to quash the Subpoena and have the Court enter a briefing schedule to coordinate its consideration of Amazon's and Plaintiffs' motions. In the alternative, and consistent with the Court's rules, if that relief is not granted, we respectfully request that Your Honor grant Amazon leave to file a motion to quash.

Respectfully submitted,

Patrick L. Robson



The Honorable Taryn A. Merkl
April 22, 2024
Page 4


cc:     All counsel of record, via ECF
        Proposed Intervenors, via ECF and U.S. Mail