

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

April 24, 2024

By ECF

Hon. Anne M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Sylla, et al. v. Amazon Labor Union et al.
      Civil Case No. 23-05261 (AMD)
      Proposed All Writs Act Order To Show Cause

Dear Judge Donnelly and Magistrate Merkl:

  The Court has received a number of submissions over the last few days, attempting to muddly what is a fairly simple Order to Show Cause under the All Writs Act.

  The conference scheduled for tomorrow is supposed to be addressed to that Order to Show Cause. The OSC makes two rather simple demands. The first is to have a list of employees addresses confidentially supplied to a third party mail house so that the Amazon Labor Union (ALU) can send out its election nomination notice. Nominations are scheduled for May 11, 2024, and, ideally, an election will be held commencing June 11, 2024. This would require a mailed Notice on or before May 24, 2024 although earlier would be better. The second is to allow employees who were fired, and whose terminations have been challenged by the NLRB, to campaign at or near the front door of the JFK8 warehouse, and in a break room which opens onto the parking area in front of the warehouse.



There is no motion pending to enforce the ALU attorney's "Rule 45 subpoena," nor is there a motion pending to quash that subpoena. It need not be addressed on Thursday. Frankly, we do not understand the legitimacy of such a subpoena given that the litigation is resolved, and no discovery is underway. But the issue is not before the Court yet and we don't need to muddy the All-Writs Act discussion with it.

Counsel for Amazon believes that if the Court **orders** Amazon to act as Plaintiffs' request it's objection to the NLRB Certification of ALU will be prejudiced, and some due process violation will occur. In my discussion with Amazon counsel I offered to stipulate that their cooperation was without prejudice to their fight against certification (which we expect them to take all the way up to the US Supreme Court), and to request that the Court make that clear in any order. The response I got was that even if the Court ordered them to do what we asked, and included a "without prejudice" clause, the NLRB might say that it was not be bound by an order of a United States District Judge. This is a baseless argument, and I doubt that Amazon's counsel can cite any case law to support their position.

We should note that in February, for five days, Amazon allowed the ALU to set up a 6 foot long table 50 feet from the door to the JFK8 Warehouse, and conduct a referendum from 2pm to midnight on four days, and from 2pm to 2am on the last day, without any stipulation of "no prejudice." And this decision was not made by some local security person. Both the undersigned and Richard Levy, the Neutral Monitor, communicated with the attorneys litigating for Amazon at the NLRB to set the terms for the table remaining in place. The only term Amazon counsel insisted on was that Plaintiff Connor Spence and Defendant Chris Smalls not be within 50 feet of the tables.

If Amazon wants to brief the issue, the schedule should be short enough so as to result in a decision prior to the May11 Nominations Meeting. This will allow Amazon time to go to the Second Circuit, something I am sure they will do.

With respect to any argument that the "Consent **Order**" is "under attack," such a statement is untrue. Although counsel for defendants wrote to Magistrate Merkle suggesting that it now has "concerns" that the Consent Order is unlawful because it violates the Union Constitution's provision about the timing of an election, that "concern" could be sanctionable under Rule 11. The Consent Order was the product of arduous negotiations, supervised by Magistrate Merkl, addressed to litigation about which version of the Constitution applied, and the timing of the election. The parties agreed to have a referendum about whether to have an



Hon. Anne Donnelly
April 24, 2024
Page 3

election for four officers and a committee to revise the ALU Constitution. The members voted to do that. All attacks on that vote, whether they come from ALU Counsel trying to get out of the deal, or former union officers who were aware of the lawsuit last July, and the Consent Order, and who now want to "intervene" so they can undo a democratic membership vote, do not undercut a simple fact: the Consent Order has been in place since January 10, 2024, and significant steps have been taken in accord with that Order. No one has filed any sort of motion to vacate the motion. As we approach the eve of nominations and the first election in the Union's history, to propose some lengthy debate about the efficacy of the Consent Order—which the ALU President and Counsel signed- is antithetical to the democratic outcome which Magistrate Merkl helped us shape.

Respectfully submitted,

/s/ *Arthur Z. Schwartz*

Arthur Z. Schwartz

cc: Jeanne Mirer, Esq. (via ECF)
Richard Levy, Esq.
Proposed Intervenors, by ECF and Email
Amazon Counsel