# Exhibit D

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. BRIMA SYLLA, CONNOR SPENCE, DAVID-DESYRÉE SHERWOOD, KATHLEEN COLE, SULTANA HOSSAIN, TRISTIAN MARTINEZ, JUSTINE MEDINA, BRETT DANIELS, RUEL MOHAN, ROB MCDONALD, PASQUALE CIOFFI, SAM BOWMAN, JOE LUCCHESE, ROBERT PECORARO, YACKISHA NEBOT-LOPEZ, AIDE ESTUDILLO, BRIANA ANDERSON, NAQUASIA ROWLAND, TAMIA CAMPBELL, JENNIFER SCHOFIELD, MICHAEL RIVERA, CHRISTIAN MOHANSINGH, JAMES BARDO, ABDULA DIALLO, IBRAHIM BALDE, FELICIA REESE, IGOR MABIKA, MICHAEL LOPEZ, NICHOLAS FERRUGIARO, ABDULLAH SESAY, KAREEM LINDSAY, LILLIAN LOPEZ, TREMAYNE YOUNGBLOOD, ALI GIGNI, MANNY THOMPSON, RJEEN RODRIGUEZ, SIMONE SUE, LATIFAH X, COMRAD BROWN, JORDAN SILVEIRA, RICHARD COTTO, DEYANIRIS MOTE, JESSICA EDMONDS, KIMBERLY MERISE, BIANCA BUTLER, MICHAEL ANTONIO, MARK JOHNSON, CRAIG AYALA, JOHN PHILIP, LASALLE DELLA ROCA, CHRIS KOKO, CHRISTINA JIMMY, CHARLES JOHNSON, CHRIS PHILIP, AHMED BOBACAR, CATY RIDREGO, DURVIS SAINT LUIS, KEVIN BERTMAN, AALIYA DIAMOND, MOHAMED AWES, ALI DAWUD, FRED FIBIO, ISMAEL MENDOZA, BRIANA PACHECO, JAYSHAWN BAZEMORE, AMANI CLAUDIA, CHRISTOPHER WHRIGHT, EZEKIEO BENSON, ETHAN COPER, JOSEPH DEJESUS, ISOLA OKUNU, ARIANA JOHNSON, MOSTEP STEP, ABAYOMI "BAYOU" ABIMBOLA, GABRIEL WEBBS, ALIYYAN AZIZ, EMMANUEL JEAN, ANTOINETTE | Civil Case No. 23-5261<br><br>Non-Parties Ray Roach and Amazon.com Services LLC's Objections To Defendants' Subpoena Pursuant To Rule 45 for the Production of Documents |

| | |
|---|---|
| GRAY, DON ELIJAH, ERIC HARRIS, RONDU JOHN, NICOLE FLORES, MERLDON GUSTAVE, MOHAMED GACK, JOE JOHNSON, and ADRIAN JOHN,<br><br>                    Plaintiffs,<br><br>   -against-<br><br>AMAZON LABOR UNION, and CHRIS SMALLS, as President of the Amazon Labor Union,<br><br>                    Defendants. | |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-Parties Ray Roach and Amazon.com Services LLC ("Amazon") state their objections to Defendants' Subpoena pursuant to Rule 45 for the production of documents ("Document Requests") as follows:

### **GENERAL OBJECTIONS**

1. Mr. Roach and Amazon object to the Document Requests as they seek unrestricted access to the personally identifying information of current and former employees, including their home addresses, telephone numbers, and personal electronic mail addresses, which are protected under New York law.

2. Mr. Roach and Amazon object also to the Document Requests to the extent they require production of documents that are not in their possession, custody, or control.

3. Mr. Roach and Amazon further object to the Document Requests to the extent they require production of documents from former directors, officers, employees, agents, partners, representatives, and attorneys of Amazon. Documents such persons might possess are not within the possession, custody, or control of Mr. Roach or Amazon.

4.	Mr. Roach and Amazon also object to the Document Requests, and any implied or express instruction or direction in the Document Requests, to the extent they impose or seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure, including not limited to Defendants' requests for Mr. Roach and Amazon to create rather than produce existing documents.

5.	Mr. Roach and Amazon object to the Document Requests to the extent they seek disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

6.	Mr. Roach and Amazon object to the Document Requests to the extent they seek disclosure of proprietary and/or confidential business information of Amazon. To the extent the Document Requests do seek such information, Mr. Roach and Amazon only will produce such information pursuant to a Protective Order pursuant to Fed. R. Civ. P. 26(c).

7.	Neither Mr. Roach nor Amazon concede the relevancy, materiality, or admissibility of any information sought by any of the Document Requests. Mr. Roach's and Amazon's responses are made subject to and without waiver of any objections as to the relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding, or any other subsequent proceeding.

## **SPECIFIC OBJECTIONS**

**Document Request No. 1:**

A list of names of all current employees whose jobs qualified them for membership in the Amazon Labor Union's bargaining unit at JFK8 as shown in the petition for the election at 29-RC-288020. This list should include the addresses, the phone numbers and email addresses for all these employees.

3

**Response to Document Request No. 1:**

Mr. Roach and Amazon state that Rule 45 does not contemplate or authorize commanding the subpoenaed person to create documents, including the "list" of names requested. Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring subpoena to command recipient to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises"); *In re Nonparty Subpoenas Duces Tecum*, No. 18-MC-468 (GBD)(KNF), 2019 WL 2122898, at *5 (S.D.N.Y. May 15, 2019) ("Rule 45 … does not contemplate or authorize commanding the subpoenaed person to create documents, including a "simple listing").

Moreover, Amazon denies that the Amazon Labor Union ("ALU") represents any "bargaining unit" at JFK8 and denies any suggestion that a valid union election has been held at JFK8. Accordingly, no JFK8 employee is "qualified" to be a member of a legally recognized bargaining unit.

Further, any compilation of the requested list by Amazon for Defendants possibly could be construed as a voluntary recognition of the ALU as the exclusive representative of certain JFK8 employees for purposes of collective bargaining. In such case, a risk exists that Amazon would be deemed to have waived its legal right to challenge any NLRB certification of the ALU as exclusive bargaining representative in court. *E.g.*, *Peabody Coal Co. v. N.L.R.B.*, 725 F.2d 357, 365 (6th Cir. 1984) (even "limited recognition" of the union "may be taken as a waiver of objections to union representation"). Requiring compliance with the Subpoena is unduly burdensome and unreasonable when doing so directly threatens Amazon's ability to assert its legal right to review of any NLRB certification decision in a separate judicial proceeding.

The burden that would be imposed on Amazon by enforcing the Subpoena is exacerbated by the possibility—acknowledged by Defendants in their April 3, 2024 submission to the Court—that they will have no need for the information they seek through the Subpoena. Defendants presumably seek the list to facilitate the election anticipated under the consent order that was entered by the Court on January 10, 2024 ("Consent Order," at ECF 46). (*See id.* ¶¶ 6–8.) In light of the pending motions to intervene and the allegations made by the potential intervenors, Defendants have told the Court that the Consent Order should either be withdrawn or re-negotiated. (ECF 57, at 2.) The Document Request is therefore premature, inasmuch as if those pending challenges to the Consent Order are successful, there would be no point to requiring Amazon to respond to the Request.

Mr. Roach and Amazon further object that this Document Request purports to require them to make a legal determination regarding each current employee at JFK8 as to whether he or she would be covered by the petitioned-for bargaining unit "as shown in the petition for the election at 29-RC-288020."

Mr. Roach and Amazon also object to this Document Request in that it seeks the identification of and contact information of thousands of employees, many of whom have no involvement with the Amazon Labor Union and any litigation. Such a request encroaches on the privacy rights and expectations of such employees. Further, New York law bars Amazon from disclosing employees' personal identifying information, including their "home address[es] or telephone number[s], [or] personal electronic mail address[es]," unless otherwise required by law. N.Y. Labor Law § 203-D(1)(d).

Mr. Roach and Amazon also object to this Document Request as seeking information that is not relevant to any of the claims and defenses of the parties to the above-captioned action,

5

*Sylla et al. v. Amazon Labor Union et al.*, Civil Case No. 23-5261 (E.D.N.Y.) ("Action"). Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* and proportional to the needs of the case.") (emphasis added); *see also* Fed. R. Civ. P. Advisory Comm. Note to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery *to the claims and defenses asserted in the pleadings*, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.") (emphasis added).

      Mr. Roach and Amazon further object to this Document Request as unduly burdensome, inasmuch as it purports to require them to compile a list of "current" employees that are "qualified" for membership in the ALU's bargaining unit at JFK8. Because that information is irrelevant to the parties' claims and defenses in the Action, the burden imposed on Mr. Roach and Amazon to compile that list cannot be proportional to the needs of the Action.

**Document Request No. 2:**

      A list of all employees whose jobs and badges qualified them for membership in the Amazon Labor Union bargaining unit at JFK8 as shown in the petition for the election at 29-RC-288020, who were terminated by Amazon between April 1, 2022 and April 1, 2024 and who filed Unfair Labor Practice charges and/or asked to appeal their termination. In addition to the names of these employees, the list should include their phone numbers, and email addresses of all these employees.

**Response to Document Request No. 2:**

Mr. Roach and Amazon state that Rule 45 does not contemplate or authorize commanding the subpoenaed person to create documents, including the "list" of all terminated employees requested. Fed. R. Civ. P. 45(a)(1)(A)(iii) (requiring subpoena to command recipient to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises"); *In re Nonparty Subpoenas Duces Tecum*, 2019 WL 2122898, at *5 ("Rule 45 … does not contemplate or authorize commanding the subpoenaed person to create documents, including a "simple listing").

Amazon denies that the Amazon Labor Union ("ALU") represents any "bargaining unit" at JFK8 and denies any suggestion that a valid union election has been held at JFK8. Accordingly, no JFK8 employee is or was "qualified" to be a member of a legally-recognized bargaining unit, and any terminated employee has no legal affiliation with the ALU as a result of his or her former employment with Amazon.

Further, any compilation of the requested list by Amazon for Defendants possibly could be construed as a voluntary recognition of the ALU as the exclusive representative of certain JFK8 employees for purposes of collective bargaining. In such case, a risk exists that Amazon would be deemed to have waived its legal right to challenge any NLRB certification of the ALU as exclusive bargaining representative in court. *E.g.*, *Peabody Coal Co. v. N.L.R.B.*, 725 F.2d 357, 365 (6th Cir. 1984) (even "limited recognition" of the union "may be taken as a waiver of objections to union representation"). Requiring compliance with the Subpoena is unduly burdensome and unreasonable when doing so directly threatens Amazon's ability to asset its legal right to review of any NLRB certification decision in a separate judicial proceeding.

7

The burden that would be imposed on Amazon by enforcing the Subpoena is exacerbated by the possibility—acknowledged by Defendants in their April 3, 2024 submission to the Court—that they will have no need for the information they seek through the Subpoena. Defendants presumably seek the list to facilitate the election anticipated under the consent order that was entered by the Court on January 10, 2024 ("Consent Order," at ECF 46). (*See id.* ¶¶ 6–8.) In light of the pending motions to intervene and the allegations made by the potential intervenors, Defendants have told the Court that the Consent Order should either be withdrawn or re-negotiated. (ECF 57, at 2.) This Document Request is also therefore premature, inasmuch as if those pending challenges to the Consent Order are successful, there would be no point to requiring Amazon to respond to the Request.

Mr. Roach and Amazon further object that this Document Request purports to require them to make a legal determination regarding each former JFK8 employee terminated over a two-year span as to whether he or she was within the petitioned-for bargaining unit "as shown in the petition for the election at 29-RC-288020." Mr. Roach and Amazon also object that the Document Request for the identities of individuals who, among other things, "asked" to appeal their terminations is uncertain, ambiguous, and confusing, such that Amazon is unable to determine which individuals it would be required to identify.

Mr. Roach and Amazon also object to this Document Request in that it seeks the identification of and contact information of numerous former employees, many of whom have no involvement with the Amazon Labor Union and any litigation. Such a request encroaches on the privacy rights and expectations of such former employees. Further, New York law bars Amazon from disclosing employees' personal identifying information, including their "home address[es]

8

or telephone number[s], [or] personal electronic mail address[es]," unless otherwise required by law. N.Y. Labor Law § 203-D(1)(d).

Mr. Roach and Amazon further object to this Document Request as seeking information that is not relevant to any of the claims and defenses of the parties to the Action. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* and proportional to the needs of the case.") (emphasis added); *see also* Fed. R. Civ. P. Advisory Comm. Note to 2000 Amendments ("The rule change signals to the court that it has the authority to confine discovery *to the claims and defenses asserted in the pleadings*, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.") (emphasis added).

Mr. Roach and Amazon further object to this Document Request as unduly burdensome, inasmuch as it purports to require them to compile a list of former employees with the characteristics specific in the Document Request. Because that information is irrelevant to the parties' claims and defenses in the Action, the burden imposed on Mr. Roach and Amazon to compile that list cannot be proportional to the needs of the Action.

Dated: April 22, 2024

**HUNTON ANDREWS KURTH LLP**

By: _____
Patrick L. Robson

*Attorney for Non-Parties Ray Roach and Amazon.com Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April, 2024, I served a copy of the foregoing on Jeanne Mirer, Esq., counsel for Defendants, by email at jmirer@workingpeopleslaw.com.

_____
Patrick L. Robson