

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

May 3, 2024

By ECF

Hon. Anne M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Sylla, et al. v. Amazon Labor Union et al.
              Civil Case No. 23-05261 (AMD)
              <u>Proposed All Writs Act Order To Show Cause and Motion to Quash Rule 45 Subpoena</u>

Dear Judge Donnelly:

      We write in opposition to the brief submitted by Amazon addressed to both the Motion for an All-Writs Act order requiring them to supply an address and email list of current non-managerial employees at Amazon's JFK 8 facility in Staten Island over to a Third Party, such as the Neutral Monitor supervising the Amazon Labor Union officer election or to some mailing house, who would hold the list in confidence, and use it to send a Notice of Election to all JFK8 employees who can potentially vote in the office election which this Court has Ordered. (We recognize that the subpoena request that the list be turned over to the union itself, but for purposes of expediting resolution, the plaintiffs discuss turning the information over to a third party who will keep it confidential.

      Amazon makes mis-statements about two key issues.\

    a) The first is that there appears, under law, for there to be no proper way to run a union election without 15 days mail notice to the prospective voters. Section 481 (e) of the Labor Management Reproving and Disclosure Act (LMRDA) expressly states that  "*Not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address*."



Hon. Anne Donnelly
May 3, 2024
Page 2

    Unless such a mailing occurs a union election is unlawful. See *Secretary Brennan v. Local Union No. 639, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 494 F.2d 1092 (C.A.D.C. 1974) All other methods of notice discussed by Amazon, including emails to the limited list the union has, or handing out flyers do not pass muster.

b) The parties have agreed about exactly who will be eligible to vote without any reference to the words "bargaining unit": "A current JFK8 employee who is a blue-badge associate." (In order to vote in what will be an in-place election in the Amazon parking lot adjacent to JFK8, that blue badge associate will have to sign a membership card, but that is irrelevant to the issues before this Court. So all Amazon needs to supply is a list of all current blue badge associates employed at JFK8 with their names, mail addresses, and if they have them, email addresses. There is no other way to get this information except from Amazon,

With those two issues clearly set forth, the only other issue Amazon raises is "burden." But by "burden" it does not mean the difficulty of sending an electronic list to the Neutral Monitor or an agreed upon third-part vendor. They assert that any order directing them to supply a list  involuntarily could encroach upon their now year-old strategy of fighting the NLRB's certification of the Union. But all of the cases they cite have to do with an employer voluntarily negotiating with a union, and then asserting a refusal to recognize a union. The 9th Circuit, in a case cited by Amazon, discusses the parameters of this principle:

    From the above cases, two principles emerge with relevance to this case. First, to preserve a challenge to the certification, the employer must refuse to bargain immediately after the union's certification. *See Technicolor Gov't Servs. Inc.*, 739 F.2d at 327; *Fred's Inc.*, 343 NLRB at 139. Second, if the employer does not immediately refuse to bargain, it waives its right to challenge the union's certification. *Technicolor Gov't Servs. Inc.*, 739 F.2d at 327; *see also Schwarz Partners Packaging, LLC*, 2015 WL 4179686, at *3–4 (holding employer waived challenge to union's certification when employer met and bargained with union over full collective bargaining agreement and agreed to schedule new meetings).
    Our Circuit's case law is consistent with these principles because we have observed that an employer's delay in bargaining harms the union and the collective bargaining process. As we stated in *Small ex rel. NLRB v. Avanti*



Hon. Anne Donnelly
May 3, 2024
Page 3

*Health Sys., LLC*, 661 F.3d 1180, 1192 (9th Cir. 2011), "a delay in bargaining weakens support for the union." Such delay reduces the union's bargaining power relative to the employer's. We recognized in *Frankl I* that such harm may be irreparable; we said that "even if the Board subsequently orders a bargaining remedy, the union is likely weakened in the interim, and it will be difficult to recreate the original status quo with the same relative position of the bargaining parties." 650 F.3d at 1363. Employees suffer from the employer's delay, and remedies other than injunctive relief may be less than adequate. As we further recognized in *Frankl I*, "the Board generally does not order retroactive relief, such as back pay or damages, to rank-and-file employees for the loss of economic benefits that might have been obtained had the employer bargained in good faith." *Id.* These opinions buttress our conclusion that an employer cannot begin unconditional bargaining and later withdraw recognition. Such actions interfere with the union's collective bargaining rights protected by the NLRA.

Here, the Director has shown a likelihood of success in establishing that QVMC engaged in just such proscribed conduct. The record before the District Court shows that QVMC took part in several bargaining meetings with the Union, discussing specific terms and conditions of employment, and provided information relevant for a comprehensive collective bargaining agreement. These discussions took place after certification and before any refusal to bargain. The District Court concluded that QVMC engaged in "unconditional bargaining which waived the preservation of its certification challenge." *Coffman*, No. 17-cv-05575-YGR, at 3.

QVMC does not dispute that meetings with the Union took place, but argues that they amounted to informational sessions rather than bargaining. The leading Board case on informational meetings is *In re Terracon, Inc.*, 339 NLRB 221 (2003). There, the Board held that a meeting was for informational purposes rather than for bargaining because the employer only met with the union representatives once for a brief period of time and never made any comments conceding the union's majority status or connoting an intent to recognize the union. *In re Terracon, Inc.* 339 NLRB at 225. Specific issues were never the subject of mutual discussion. During the meeting, the employer stated that the specific union demands "were unlikely to be a problem." *Id.* (internal quotation marks omitted). The Board concluded that the employer was



Hon. Anne Donnelly
May 3, 2024
Page 4

>  simply attempting to "educate itself about the [u]nion's purported purpose and to assess whether or not it should grant recognition to the [u]nion." *Id.*
>  Here, however, the record indicates the meetings between the Union and QVMC were not mere informational sessions; specific issues were discussed.

*Coffman v. Queen of Valley Medical Center,* 895 F.3d 717, 727–28 (C.A.9 2018)

These principles have nothing to do with the subpoena that Defendant wishes to enforce or the All Writs Act order which Plaintiffs seek. Succeeding in either case would involve a Court Order issued against Amazon's will.

Amazon states that the Plaintiffs have produced no authority that the NLRB would not consider compliance with a Court Order to be voluntary recognition of the Union. The burden really is on Amazon to produce case law which even suggests that obeying a court order in the NLRA context amounts to a voluntary act amounting to recognition. Where the alternative to not complying is being held in contempt, no US Governmental body like the NLRB is going to require an employer to be held in contempt I order to preserve its non-recognition stance.

Either the All-Writs Act application should be granted, or the Rule 45 Subpoena should be enforced. (Since Defendants' counsel has not filed Motion to Enforce, plaintiffs ask the Court to consider this letter such a motion.

The Nominations Meeting is being held on May 11, and the plaintiffs hope to see election voting start 30 days later (a requirement of the Union Constitution). Any order issued by the Court should require production of the names and addresses sometime during the week prior to May 11 so that appropriate mailing arrangements can be made in a timely manner.

Respectfully submitted,

/s/ *Arthur Z. Schwartz*

Arthur Z. Schwartz

cc: Jeanne Mirer, Esq. (via ECF)
Richard Levy, Esq.
Amazon Counsel