

Arthur Z. Schwartz
Principal Attorney
aschwartz@afjlaw.com

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

May 13, 2024

By ECF

Hon. Anne M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Sylla, et al. v. Amazon Labor Union et al.
                Civil Case No. 23-05261 (AMD)
                <u>Motion to Reconsider All Writs Act Order</u>

Dear Judge Donnelly:

We write in opposition to the Motion to Reconsider.

Amazon starts by twisting the words of the LMRDA to fit its argument.

29 USC Sec 481(e) states in relevant part:

> **(e) Nomination of candidates; eligibility; notice of election; voting rights; counting and publication of results; preservation of ballots and records**
>
> In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof. **Not less than fifteen days prior to the election notice thereof shall be mailed to each <u>member</u> at his last known home address. Each <u>member in good standing</u> shall be entitled to one vote.**



Hon. Anne Donnelly
May 13, 2024
Page 2

      The Labor Department's Union Election Regulations, at 29 CFR § 452.99 Notice of Election, explains the distinction between "member" and "member in good standing:"

> **§ 452.99 Notice of election.**
>
> Elections required by title IV to be held by secret ballot must be preceded by a notice of election mailed to each member at his last known home address not less than fifteen days prior to the election.[48] For purposes of computing the fifteen day period, the day on which the notices are mailed is not counted whereas the day of the election is counted. For example, if the election is to be held on the 20th day of the month, the notices must be mailed no later than the 5th day. The notice must include a specification of the date, time and place of the election and of the offices to be filled, and it must be in such form as to be reasonably calculated to inform the members of the impending election. Specification of the offices to be filled would not be necessary if it is a regular, periodic election of all officers and the notice so indicates. A statement in the union bylaws that an election will be held at a certain time does not constitute the notice required by the statute. Since the Act specifies that the notice must be mailed, other means of transmission such as posting on a bulletin board or hand delivery will not satisfy the requirement. **A notice of election must be sent to every member** as defined in section 3(o) of the Act, **not only to members who are eligible to vote in the election.** Where the notice, if mailed to the last known permanent or legal residence of the member, would not be likely to reach him because of a known extended absence from that place, the statutory phrase "last known home address" may reasonably be interpreted to refer to the last known temporary address of definite duration. A single notice for both nominations and election may be used if it meets the requirements of both such notices.

      Since the Neutral Monitor, with concurrence of the union and the plaintiffs, has decided that any member of the bargaining unit can become a "member in good standing" eligible to vote simply by signing a membership card when they come to vote (it is anticipated that there will be in-person voting, outside the doors of the JFK8 Warehouse, just like the vote which occurred in February), Notice, as per § 452.99, must be sent to every person who the Court has ordered Amazon to provide addresses for later today.



Hon. Anne Donnelly
May 13, 2024
Page 3

The Court should note, that at the February vote, over 300 members signed a Membership Card, and then went to vote.

The "privacy" and "need to inform employees" issue is also a straw man. This issue was decided in 1969 by the US Supreme Court when it rejected objections, much like Amazon's here, to the Board's Excelsior Rule. Here is what the Supreme Court said:

> "In the present case, however, the respondent itself was specifically directed by the Board to submit a list of the names and addresses of its employees for use by the unions in connection with the election.[5] This direction, which was part of the order directing that an election be held, is unquestionably valid. See, e.g., *NLRB v. Waterman S.S. Co.,* 309 U.S. 206, 226 (1940). Even though the direction to furnish the list was followed by citation to 'Excelsior Underwear Inc., 156 NLRB No. 111,' it is an order in the present case that the respondent was required to obey. Absent this direction by the Board, the respondent was under no compulsion to furnish the list because no statute and no validly adopted rule required it to do so.
> Because the Board in an adjudicatory proceeding directed the respondent itself to furnish the list, the decision of the Court of Appeals for the First Circuit must be reversed.
>
> The respondent also argues that it need not obey the Board's order because the requirement of disclosure of employees' names and addresses is substantively invalid. This argument lacks merit. The objections that the respondent raises to the requirement of disclosure were clearly and correctly answered by the Board in its Excelsior decision. All of the United States Courts of Appeals that have passed on the question have upheld the substantive validity of the disclosure requirement,[7] and the court below strongly intimated a view that the requirement was substantively a proper one, 397 F.2d, at 396.
>
> We have held in a number of cases that Congress granted the Board a wide discretion to ensure the fair and free choice of bargaining representatives. See, e.g., *NLRB v. Waterman S.S. Co., supra,* 309 U.S. at 226, 60 S.Ct. at 503; *NLRB v. A. J. Tower Co.*, 329 U.S. 324, 330 (1946). The disclosure requirement furthers this objective by encouraging an informed employee electorate and by allowing unions the right of access to employees that management already possesses. It is for the Board and not for this Court to



Hon. Anne Donnelly
May 13, 2024
Page 4

> weigh against this interest the asserted interest of employees in avoiding the problems that union solicitation may present.

*N. L. R. B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766–67 (1969)

In *Excelsior* the Board explained:

> A requirement that all participants in an election contest have the opportunity to ascertain the names and addresses of the voters is not uncommon. Lists of registered voters in public elections are open to inspection and copying by the public.[15] When stockholders wish to participate in election contests (or other proxy contests), management either must provide them with the names and addresses of other stockholders or mail campaign material for them.[16] Any candidate for union office is entitled to have the union distribute his campaign literature to all members

*Excelsior Underwear, Inc.*, 156 NLRB 1236, 1242, 1966 WL 18282, at *5.

We should add that in employment-related class actions employers have to supply address lists to third parties who then use them to send out mail notices to class members, or in wage and hour cases, potential class members.

This Motion for Reconsideration is, in fact, inappropriate, given that Amazon raises issues it raised earlier, or is arguing issues that it failed to present the first time around. This Court held in Reyes v. Fischer, 2017 WL 4350415, at *1 (E.D.N.Y., 2017):

> Reconsideration is appropriate only if "the court overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court." *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 246 (E.D.N.Y. 2011) (citation omitted); *see also Hoyos v. City of N. Y.*, 650 Fed.Appx. 801, 802 (2d Cir. 2016) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (citation omitted)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).



  This is especially relevant to Amazon's request to certify an interlocutory appeal, a ruling which the Court has already denied.

  The Court should note that on May 11, 2024 the Nominations Meeting was held, and no fewer than 7 candidates were nominated for President, and dozens more for other positions. Democracy is at work in the Amazon Labor Union, and the expeditious manner in which the Court addressed the All Wits Act Motion will make it possible to conclude an election before the end of June.

  Amazon's Motion to Reconsider should be denied in its entirety, and given its inappropriate content, attorneys fees should be awarded.

           Respectfully submitted,

           /s/ *Arthur Z. Schwartz*
           Arthur Z. Schwartz

cc: Jeanne Mirer, Esq. (via ECF)
   Richard Levy, Esq.
   Amazon Counsel (Via ECF)