UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
**DR. BRIMA SYLLA**, *et al.*,

                Plaintiffs,

     – against –

**AMAZON LABOR UNION**, *et al.*,

                Defendants.
----------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

23-CV-5261 (AMD) (TAM)

**ANN M. DONNELLY**, United States District Judge:

On May 9, 2024, this Court granted the plaintiffs' motion for an order under the All Writs Act ("AWA") and directed third party Amazon to provide the neutral monitor in this action with the names and addresses of all hourly full-time and regular part-time fulfillment center associates employed at JFK8 on or before May 12, 2024. (ECF No. 75.) The Court ordered Amazon to produce this list to the neutral monitor by 5:00 p.m. ET on May 13, 2024. (*Id.* at 14.)

Before the Court is Amazon's motion for reconsideration of that decision, filed on the evening of May 12, 2024. (ECF No. 76.)[1] For the reasons that follow, Amazon's motion is denied.

## DISCUSSION

The standard for granting a motion for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir.

---

[1] The plaintiffs' counsel filed an opposition in the early morning hours of May 13, 2024. (ECF No. 77.)

2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)).

Amazon seeks to relitigate issues the Court already decided, and it does so by making arguments it did not make in its opposition to the plaintiffs' AWA motion. (*See* ECF No. 71-10 at 15–25.) This is reason alone to deny the motion for reconsideration. *See Novoship (UK) Ltd. v. Ruperti*, 567 F. Supp. 2d 501, 503 (S.D.N.Y. 2008) ("Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided, nor may the moving party advance new facts, issues or arguments not previously presented to the Court." (internal quotations omitted)). Amazon's arguments are in any event without merit.[2]

Amazon argues that the Court should reconsider the AWA order because its "directive" to Amazon "to produce the names and addresses of 'potential union members'" is "inconsistent with the express operative provisions" of the Labor Management Reporting and Disclosure Act

---

[2] Amazon does not ask the Court to stay the execution of the May 9, 2024 order pending a decision on the motion for reconsideration. (*See* ECF No. 76.) Accordingly, Amazon's arguments will likely be moot as of 5:00 p.m. today. In any event, the Court denies Amazon's arguments on the merits.

("LMRDA").  (ECF No. 76 at 2 (emphasis omitted) (quoting ECF No. 75 at 11)).)  Under the LMRDA, "every member in good standing" — that is, every "person who has fulfilled the requirements for membership" in a union — "shall have the right to vote" in a union election.  29 U.S.C. §§ 402(o), 481(e).  Amazon argues that "'potential' union members are not 'members in good standing' within the meaning of Section 402 of the LMRDA," and that the Court's order (1) "violates the LMRDA" by "suggest[ing] that individuals other than those who are 'members in good standing' of the ALU . . . are eligible to vote," and (2) "violates the Section 7 rights of these employees under the NLRA, 29 U.S.C. §157, and their freedom of association guaranteed by the First Amendment to the Constitution" by "determining thousands of employees to be 'members in good standing' of the ALU, despite that they may have chosen not to join or support the union — or may actively oppose it."  (ECF No. 76 at 2–3.)

But the Court did not, as Amazon asserts, "determin[e] thousands of employees to be 'members in good standing' of the ALU."  (*Id.*)  It is not for the Court or Amazon to decide who is a member of good standing of the ALU.  Rather, the parties, under the oversight of the neutral monitor, make that determination.  Indeed, they have "decided that any member of the bargaining unit can become a 'member in good standing' eligible to vote simply by signing a membership card when they come to vote . . . in-person . . . outside the doors of the JFK8 Warehouse."  (ECF No. 77 at 2.)  In order to effectuate that decision consistent with the LMRDA, "[a] notice of election must be sent to every member," "not only to members who are eligible to vote in the election."  29 CFR § 452.99.  After the neutral monitor receives the names and addresses of all hourly full-time and regular part-time fulfillment center associates employed at JFK8 on or before May 12, 2024, the parties and the neutral monitor will determine which

3

categories of employees are "members" who should receive mailed notice and which categories are "members in good standing" eligible to vote.[3]

Amazon also argues that the Court should modify the AWA order so that Amazon is not required to produce the contact information of "associates not employed as of the present date." (ECF No. 76 at 4–5.) Again, Amazon misunderstands the rationale behind this requirement. The Consent Order provides that "[t]hose no longer employed but still eligible to vote will be able to vote," including former employees "who are actively contesting their termination." (ECF No. 46 ¶¶ 13, 17.) As Amazon argues in a footnote, "the Court should not require Amazon to make highly subjective judgments about non-employees who are 'actively contesting their termination.'" (ECF No. 76 at 5 n.2.) The Court is not requiring Amazon to make any such judgments. Rather, Amazon must provide the contact information of associates who are "not employed as of the present date" (*id.* at 4–5), so that the parties and the neutral monitor, not Amazon, can determine who from that category is a "member" or a "member in good standing."

Citing the "privacy interests of its employees," Amazon also asks the Court to modify the order "to limit its exposure and use to the neutral monitor alone." (ECF No. 76 at 5.) The order directs Amazon to produce employee contact information to the neutral monitor, not to the parties in this case, or any other third party. (ECF No. 75 at 14.)

Last, this Court will not reconsider its decision to deny immediate interlocutory appeal. The Consent Order is not simply "the parties' arbitrary commitment to a union leadership election by the end of July 2024" (ECF No. 76 at 4); it is a binding order of the Court. The Court

---

[3] This does not mean that the parties themselves will be able to see or get access to employee contact information. Rather, the parties, under the supervision of the neutral monitor, will resolve all logistical determinations connected with mailing notices and eligibility to vote, and the neutral monitor will apply those determinations to the employee list produced by Amazon.

4

may enforce its deadlines, including upon non-parties like Amazon who are in a position to frustrate the Order's execution.[4]

The Court reserves ruling on the plaintiffs' request for attorneys' fees related to Amazon's reconsideration motion, pending a response from Amazon.

## CONCLUSION

For these reasons, Amazon's motion for reconsideration is denied.  Amazon must comply with the All Writs Act order by 5:00 p.m. ET today.  Amazon must file a response to the plaintiffs' request for attorneys' fees related to Amazon's reconsideration motion by May 27, 2024.

**SO ORDERED.**

                                                                           s/Ann M. Donnelly
                                                                          ANN M. DONNELLY
                                                                          United States District Judge

Dated: Brooklyn, New York
           May 13, 2024

---

[4] The Court also denies Amazon's request to delay production by 10 days "to afford Amazon time to notify employees that their names and mailing addresses are being disclosed to a third party pursuant to the Order." (ECF No 76 at 5–6.)  Amazon does not cite any authority for this request or explain why it cannot notify its employees at the same time as it complies with this Court's order.