

HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

PATRICK L. ROBSON
DIRECT DIAL: 212 • 309 • 1157
EMAIL: probson@HuntonAK.com

May 27, 2024

**Via ECF**

Hon. Ann M. Donnelly, USDJ
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

Re:   *Sylla, et al. v. Amazon Labor Union et al.*, **Civil Case No. 23-05261 (AMD)**
      **Response to Request for Attorneys' Fees**

Your Honor:

We represent non-party Amazon.com Services LLC and write, pursuant to the Court's May 13, 2024 Order (ECF 78), in opposition to the plaintiffs' request for attorneys' fees related to Amazon's motion for reconsideration. Plaintiffs' demand for fees states in whole that "Amazon's Motion to Reconsider should be denied in its entirety, and given its inappropriate content, attorneys fees should be awarded." (ECF 77 at 5.) Plaintiffs cite no authority or evidence in support of their request.

This Court may, "[p]ursuant to its inherent equitable powers," award attorneys' fees where a party "acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citations omitted). No such conduct is present here.

To impose attorneys' fees as sanction under its inherent authority, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene*, 204 F.3d 393, 396–97 (2d Cir. 2000) (reversing award of sanctions where "the Court's conclusory determination that [the plaintiff's] motion was filed in bad faith rested almost entirely on its lack of merit").[1]

---

[1] Moreover, "the Second Circuit has declined to hold 'that a frivolous position may be equated with an improper purpose' as '[s]uch a simple equation would turn the two-part standard into a one-part standard.'" *Breuninger v. Williams*, No. 20 CIV. 7033 (JPC), 2023 WL 4211030, at *5 (S.D.N.Y. June 27, 2023) (citations omitted) (citations omitted). Indeed, "[t]he test is conjunctive and neither meritlessness alone nor improper purpose alone will



Hon. Ann M. Donnelly
May 27, 2024
Page 2

As a threshold matter, Plaintiff's one sentence demand for attorneys' fees does not provide this Court with any evidentiary basis to award attorneys' fees. Nor does it even assert that Amazon's motion was submitted for the purpose of delay, harassment, or any other improper purpose. *E.g., Emp. Staffing of Am., Inc. v. William H. Mercer, Inc.*, No. 96 CIV. 2054 (LAP), 1998 WL 118166, at *2 (S.D.N.Y. Mar. 16, 1998) (quoting *Kanematsu–Gosho Ltd. v. M/T Messiniaki Aigli*, 814 F.2d 115, 119 (2d Cir. 1987)) (declining to award attorneys' fees because there was no "clear evidence that the claims . . . [were] made for reasons of harassment or delay or for other improper purposes"); *Keung v. Patisseries Saines Corp.*, No. 22 CIV. 3725 (JPC), 2023 WL 4487728, at *5 (S.D.N.Y. July 12, 2023) ("A finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings.").

Instead, Plaintiffs assert that Amazon should pay its fees because the motion for reconsideration included "inappropriate content." (ECF 77 at 5.) We disagree. Amazon's motion was submitted in good faith to seek (i) reconsideration of that portion of the Court's order that interpreted Section 402 of the LMRDA in light of the ALU's acknowledgement that it had information sufficient to identify "members in good standing"; and (ii) reconsideration or modification of that portion of the Court's order that would impact the privacy rights of current and former Amazon employees. These arguments were made in good faith and for a legitimate purpose. That the Court disagreed with Amazon's arguments, however, does not make them sanctionable. *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898–99 (2d Cir. 1983) (reversing award of attorneys' fees to Boeing where there was "no indication in the record" that claims, even if meritless, "were raised in bad faith or for other improper reasons").

For these reasons, Amazon requests that Plaintiffs' demand for fees be denied.

Respectfully submitted,

Patrick L. Robson

Cc: All Counsel of Record (via ECF)

---

suffice." *Sierra Club v. United States Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985) (internal quotation marks and citations omitted) (refusing to award fees despite meritless claims because no proof of improper purpose).