**Report of the 2024 ALU Election Committee**

**I.**

This report is issued by the Election Committee of the ALU. The Election Committee was put in place at the Nominations Meeting held on May 11, 2024 in accordance with Article 5.1(c) of the ALU constitution.

The Election Committee consists of:
Alfredo Domingo
Danielle Hayden
Derrick Palmer
Chris Smalls
Errol Thomas

**II.**

Under the ALU constitution (Article 5.1(h) and (j)), the Election Committee has two main obligations:
1. To rule on the eligibility of those nominated to run for union office
2. To prepare the official ballot for the election of officers

**III.**

Eligibility to hold office is governed by Article 2.3 of the ALU constitution:

Section 2.3 - Eligibility to Hold Office
(a) A candidate for office must be a member in good standing.
(b) A candidate for office must have at least one year of aggregate experience in a role or job function at a workplace at Amazon.com Services in JFK8 or in any jurisdiction so designated by the Executive Board.
(c) To be eligible for office, a member shall be required to attend at least twenty-five (25) Worker Committee meetings preceding the one year prior to the nomination meeting.

The Election Committee determined that each candidate who was duly nominated, and who had not withdrawn his or her name from consideration, had one year of aggregate experience at JFK8 under (b). The Committee also determined it could not enforce (c) since the Worker Committee did not meet 25 times.

The Committee discussed at length how "good standing" should be interpreted for the purposes of 2.3(a), since there is no definition within the text of the Constitution itself. Many unions define "good standing" as the punctual payment of dues. However, as is common practice among labor organizations, ALU leadership told workers at JFK8 that there would be no requirement to pay dues until the union had secured a collective bargaining agreement. Amazon continues to raise legal challenges to union recognition, and refuses to bargain with the ALU, and so there is no CBA in place as yet.

It was noted that all those associated with the slate known as ALU Ma-at voluntarily pay dues. The Committee has been informed that no other candidates have paid voluntary dues over recent months, and in some cases even longer.

Members of Committee proposed alternative factors that could be considered in assessing "good standing":

1. Compliance with Article 2.2 of the ALU Constitution (Duties of Membership). This provision requires that members "abide by the Union Constitution, bylaws and the laws, rules, regulations, policies, lawful orders and decisions of the Union [...]" [Article 22(a)] and that members not "circulate false reports or gross and willful misrepresentations about the integrity of the Amazon Labor Union; or advocate or commit or incite an act or series of acts which would injure the best interests of the Union." [Article 22(e)]

2. Compliance with Article 10.6 (Exhaustion of Remedies) which states: "No member shall bring or cause to be brought in any court, whether in law or equity, any action against the Union or their officers, representatives or employees, in any matter involving an issue arising out of or related to their membership, which is remediable within the framework of the Union Constitution without having first exhausted all of the remedies available under the aforesaid Constitution."

The Committee was concerned in particular that candidates on the Democratic Reform Caucus Slate had sued the union in July of 2023 without exhausting internal union remedies. The lawsuit itself appears to contain a number of "false reports or gross and willful misrepresentations" which have been documented elsewhere. There are also credible reports that candidates on the Democratic Reform Caucus Slate impugned the integrity of ALU leadership, claiming for example that President Smalls was personally corrupt without providing any evidence.

Members of the Committee also raised concerns about candidate Michelle Valentin Nieves of the Workers First Slate. They noted that Ms. Nieves brought public complaints against the ALU, claiming that she was physically assaulted by union founder Gerald Bryson and that she was illegally removed from her position as Vice President. Ms Nieves took control of the union's email lists and social media platforms and refused to turn these over to the union despite multiple requests. In these and other instances cited by members of the Committee, Ms. Nieves's actions appear to violate the duties of membership in Article 2.2 (e).

The Committee as a whole is concerned about these allegations, and their implications for the "good standing" of specific candidates.. However, since the ALU chose not to serve these individuals with charges, and to conduct potentially divisive hearings regarding disciplinary action, it is outside the scope of the Committee's role and powers to make a determination on eligibility on this basis.

Furthermore, under Article 5.1(k) of the Constitution, members deemed ineligible by the election committee are entitled to appeal, within 7 days, to the Executive Board. Since members of the Executive Board currently serve on the Election Committee, these members felt that it would be

inappropriate for them to receive and adjudicate such an appeal. The Constitution/By-Laws Committee is asked to ensure, for future elections, that it amends the constitution such that Executive Board members do not serve on the Election Committee, or that there is an alternative process for adjudicating questions of eligibility that does not rely on the E-Board. The Constitution/ By-Laws Committee should also consider developing and setting forth a definition of "good standing."

The composition of the ALU Ma-at Slate presented the Election Committee with questions regarding eligibility, for different reasons. Article 5.1(g) ALU Constitution provides that "No member shall be eligible to be a candidate for office if the member is not nominated for said office." However, the ALU Ma-at slate as presented to us contains a number of changes, and is constituted as follows:
Candidate for President - Claudia Ashterman
Candidate for Vice-President - Tyrone Mitchell
Candidate for Secretary-Treasurer - Arlene Kingston
Candidate for Recording Secretary - Rina Cummings

It is our understanding that each candidate was nominated for an officer-level position, even if not for the particular position they are contesting.

For similar reasons as those cited above – due process, as well as the impossibility of adjudicating any appeal of disqualification under Article 5.1(k) in a fair and timely manner – we deem these candidates eligible. We do not identify any harm to other candidates, or to the electoral process, that would weigh against this outcome.


# IV.

## Ballot design

The Election Committee deems it necessary that all candidates be represented by both a name and a photographic image. This will serve to minimize concerns of mistake or confusion when members mark their ballots.

The Election Committee proposes a ballot where positions are listed vertically at the beginning of every row, as follows:
1) President
2) Vice-President
3) Secretary-Treasurer
4) Recording Secretary

The slates should be listed at the top of the grid, at the head of each column, in alphabetical order as follows:

(1) ALU Ma-at (2) Democratic Reform Caucus (3) Workers First (4) Independent Candidates