

225 Broadway, Suite 1902
New York, New York 10007

t. (212) 285-1400
f. (212) 285-1410

www.afjlaw.com

**Arthur Z. Schwartz**
Principal Attorney

aschwartz@afjlaw.com

June 21, 2024

By ECF

Hon. Anne M. Donnelly
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Sylla, et al. v. Amazon Labor Union et al.
     Civil Case No. 23-05261 (AMD)
     Letter Motion for A Preliminary Injunction

Dear Judge Donnelly:

We write in opposition to the Letter Motion for A preliminary Injunction, which contains no declaration, no law, and no discussion of the Consent Order which brought about the election which is about to occur. Ballots are to be mailed out next Thursday, June 27, 2024, and be counted on July 19, 2024.

On January 6, 2024, this Court signed a Consent Order which provided:
15. **The mass meeting and the voting will be overseen by the neutral monitor who will be selected by the parties, or Magistrate Merkl if there is no agreement among the parties.** This selection should be made by January 16, 2024.
   *****
22. If the members agree to an election of officers, the parties shall work to develop nominating procedures and **election rules** for this election consistent with the current constitution. and the LMRDA, and OLMS regulations. **Any disputes between the parties regarding these rules will be resolved by the neutral monitor. (emphasis supplied)**

In this Court's May 9, 2024 Decision and Order on Plaintiffs' All-Writs emphasis on Motion (Docket No. 75) , this Court stated: "The Consent Order also included specific directives about the timing of the anticipated elections and nominating procedures for officer candidates, with disputes to be resolved by the neutral monitor"

There was a second decision on May 9, 2024, one in which the Amazon Labor Union's attorney attempted to get the Court to reopen the Consent Order. The Court described her efforts this way:



"arguments about the Consent Order's incompatibility with the ALU Constitution, including the defendants' proposal "as a next step that the Court call the parties together to see if a resolution can be reached that can protect Defendant Union from being exposed to legal attacks from Plaintiff members who have sought early internal officer elections and those similarly situated to the proposed intervenors who allege that the Consent Order violates Defendant's Constitution." (Id. at 9.) The defendants have not moved to vacate the Consent Order."

In its ruling, the Court stated:
As noted above, the defendants have expressed concerns about whether the Consent Order is compatible with the ALU constitution, and they suggest that "the current consent order must be withdrawn or renegotiated." (ECF No. 57 at 2.) The defendants have not moved to vacate or modify the consent order, and their statements in an opposition to a motion to intervene are irrelevant to the motions currently before the Court. Moreover, the defendants cite no legal authority for the proposition that the Consent Order, to which they agreed after extensive settlement negotiations, may simply be rescinded….
Concern about whether the Consent Order is compatible with the terms of the ALU constitution is not a claim or defense shared with the existing parties. Despite the defendants' irrelevant references to that concern in their opposition, there is no properly presented claim or defense in this action raising that issue…
The parties are reminded that they are bound by the terms of the Consent Order.

Richard Levy, the agreed -upon Neutral Monitor, has had to hang on despite never ending attacks on his authority by Defendant's counsel. This latest filing, which she facilitated, is but the most recent in a long line of efforts to stop the election from happening. Now she is assisting another lawyer to do what she wants.

Attached as Exhibit A are the Rules issued by Richard Levy on June 12, 2024, as per his authority. He received comments from both sides for three months before issuing them. They are binding. Nowhere do this rules state that the Election Committee cannot be overruled by the Neutral Monitor. Nowhere in the Consent Order does it say that the Election Committee can ignore the ruling of the Neutral Monitor.



      This Motion is brought by the "Election Committee," which is a group of five people. It is not a party, and the only individual on it who is a party is defendant Chris Smalls. But Ashwini Sukthankar, Esq., has not appeared for any party, including Defendant Smalls. A non-party (the "Election Committee," which has not intervened, represented by an attorney who has not filed a Notice of Appearance, cannot file a Motion for a Preliminary Injunction. Nor, under the Rule of this Court, can an attorney file a Motion for a Preliminary Injunction without one affidavit or declaration, and no Memorandum of Law addressed to the standards for a Preliminary Injunction, much less the law governing the underlying dispute.

      As to the merits, the Neutral Monitor stated in his June 12, 2024 Rules, that someone nominated for one position at the Nominations Meeting held on May 11, 2024 may not "change positions, " and run for something else. He has repeatedly stated this since May 11. But this morning, the Election Committee issued a report which allowed that to happen. Mr. Levy said that he would not allow that because it violated the union's constitution. So now, with the ballots being printed, they want a preliminary injunction holding up an election.

      I have repeated this argument to Attorney Mirer and to Attorney Sukthankar for the last several weeks, and warned that if they made their baseless argument to this Court I would seek sanctions. I can supply my emails if the Court wishes.

      On behalf of Plaintiffs we request that the Court deny the "Motion" and award sanctions of $10,000 each against attorney Sukthankar and Mirer.

Respectfully submitted,

/s/ *Arthur Z. Schwartz*
Arthur Z. Schwartz

cc:    Jeanne Mirer, Esq. (via ECF)
        Richard Levy, Esq.
        Ashwini Sukthankar Esq.