# JULIEN, MIRER & ASSOCIATES PLLC

ATTORNEYS AT LAW
1 PIERREPONT PLAZA 12TH FLOOR
BROOKLYN, NEW YORK 11201

JEANNE MIRER                  TELEPHONE: (212) 231-2235                  RIA JULIEN
HEATHER RAMIREZ            FACSIMILE: (646) 219-0946

August 16, 2024

***VIA ECF***
Honorable Judge Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, New York 11201

                                         Re: Sylla et. al v Amazon Labor Union et. al.
                                         Case No. 23-cv-05261
                                         Reply to Plaintiff's Letter motion and the Court's
                                         Request to Refer this case to the Magistrate

Dear Judge Donnelly:

On August 11, 2024 Plaintiffs' counsel Arthur Schwartz filed a letter motion [D.E. 84] requesting this Court take certain actions beyond a formal dismissal of the above referenced case. He made this request despite the acts the parties had agreed to in this Court's Consent Order, most notably an officer election, had been fulfilled as of July 31, 2024. More specifically Mr. Schwartz asked this court to certify and election of his clients as the winners of the election. This is not required because they had been already certified as the winners by the company which handled the mail ballot. Defendants' former officers are working through a transition to the new officers. Mr. Schwartz also sought to be allowed to file for attorney's fees even though the settlement did not find anyone liable for violations of any laws from which an entitlement to fees could arise. Indeed, the case was settled specifically stated in paragraph one of the Consent Order that the settlement was being made regardless of the "legal merits or lack thereof" in the litigation, in order to unite for a good contract at Amazon's JFK8 facility. This case was settled through consent, and the parties have fulfilled their obligations under the terms of the Consent Order.

This Court on August 13, 2024 gave the parties until August 19, 2024 to jointly agree to refer Mr. Schwartz's letter motion to the magistrate. With all due respect, Defendants do not believe there is anything to refer. The Consent Order [D. E. 46] called for the parties to unify, hold a mass meeting, hold a referendum as to whether there should be an officer election, and if the answer was yes, to hold an election no later than July 31, 2024. The order was the result of a day long settlement conference held in December of 2023 with the Magistrate. A monitor was appointed to address disputes if the parties could not resolve such disputes themselves.

While disagreements arose regarding the implementation of the Consent Order, the Order stated that if there was to be an officer election it would be scheduled no sooner than the end of May and no later than July 31, 2024.  This float in the dates for the election was based on concerns about actual infrastructure for holding an officer election when the union was not even recognized by Amazon, and had no list of the employees. Further because there were no dues being collected, as such could only be collected after a collective bargaining agreement was reached, there was no money with which to finance the election.  It was only through the union's affiliation with the International Brotherhood of Teamsters (IBT) in mid-June (which Plaintiffs initially opposed) that the parties obtained the resources for the election.  Further Amazon refused to allow non employees on the property to conduct an in-person election requiring a mail ballot.

Nonetheless, as far as Defendants are concerned the final provision of the Consent Order was carried out when the officer election was held. By its own terms the Consent Order ended with the election.  As noted, the vote was certified by the entity which handled the mail ballot.   There is nothing in the Consent Order which extends this Court's jurisdiction over the case after the order has been implemented.   Thus, Defendants question whether there is any reason to refer this case to the magistrate as the case is over. Defendant's request that rather than refer this case to the magistrate, the case should be dismissed with prejudice.   We look forward to the Court's consideration of Defendants' request to end this case without further proceedings.

                                          Respectfully submitted,

                                          /s/
                                        Jeanne Mirer