UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DR. BRIMA SYLLA et, al.

No.: 23-CV-05261

Plaintiffs,

-against-

AMAZON LABOR UNION et. al.

Defendants.
------------------------------------------------------------------------x

**DEFENDANTS' OPPOSITION TO THE APPLICATION
BY ATTORNEY ARTHUR SCHWARTZ FOR ATTORNEY'S FEES**

On March 24, 2025, Attorney Arthur Schwartz submitted an application for attorney's fees for certain work in connection with representing the Plaintiffs in this action. He did this even though Defendants were not found to have violated any laws or duties related to the treatment of the Plaintiffs or to have violated any provision of the Union's constitution. He filed this application despite the fact that the agreement did not change the legal relationship of the parties, nor is it clear on whose behalf he has filed the application. His former main client is now President of the Union, yet the Union is opposing this application. Mr. Schwartz seeks over one hundred and thirty-two thousand dollars to be taken from the treasury of the Union to pay his fees.

For the reasons stated below, Defendant Union and Mr. Smalls oppose this application and request that this application be denied in its totality.

**I.      Mr. Schwartz and the Plaintiffs were not Successful Litigants**

Mr. Schwartz first argues that Plaintiffs were successful litigants. He needs to make this argument as his claim to attorney's fees under the common benefit theory he invokes requires

1

him to have prevailed on his legal claims, which is commonly referred to as being a prevailing party. [1]

Mr. Schwartz does not explain how the Plaintiffs became successful litigants/prevailing parties in this case. He does not explain this because he cannot. Plaintiffs were not successful litigants/prevailing parties under existing case law. The settlement agreement, which the Court entered as a Consent Order, did not change the legal relationship of the parties. At most, the agreement set forth a way to settle differences in the dispute between them, which was tarnishing the workers' views of the union, and only benefited Amazon's resistance to recognizing and collectively bargaining with the union. The agreement also set forth holding an officer election if the workers so desired.[2]

> **A. Plaintiffs' Motion for TRO and Preliminary Injunction Were Denied, and No Amended Complaint was Ever Filed Addressing the Deficiencies in the Original Complaint or Defendants' Request for a Pre-motion Conference On Their Proposed Motion to Dismiss the Action**

Plaintiffs filed their case in early July of 2023. [D.E #1] Mr. Schwartz filed a show cause order requesting, inter alia, the Court issue a TRO and Preliminary Injunction requiring the Union to hold an immediate election for union officers. This motion was denied by the Court for the reasons, inter alia, that the allegations were vague and conclusory. Mr. Schwartz was given the opportunity to provide an updated briefing [Minute order July 13, 2023].[3] An updated

---

[1] Many Courts use the terms "successful litigants" and "prevailing parties" interchangeably to mean that the case was resolved with the litigants succeeding on the merits of their litigation. See e.g. *Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores*, 54 F.3d 69, 71 by trial or summary judgment.

[2] Consent Order, D.E. #46. "1. The parties recognize that regardless of the legal merits or lack thereof in this litigation, continuing the litigation prevents all parties from uniting to work towards a good contract for the workers at Amazon's JFK 8 facility. 2. To this end the parties have committed to work together to achieve their common end of improving working conditions at JFK8 and at the same time giving the members of the union a say in whether to hold various elections."

[3] Minute Entry for proceedings held before Judge Ann M. Donnelly: Hearing on a Temporary Restraining Order held on July 13, 2023. Arthur Schwartz appeared for the plaintiffs. Jeanne Mirer, Jonathan Bernstein, and Retu Singla appeared for the defendants. Case called. Discussion held. The motion for a Temporary Restraining Order is denied, because the plaintiffs make only vague [and] conclusory allegations, *Evans v. Murphy*, No. 12-CV-365, 2014

briefing never occurred.  When Defendants filed a letter for a pre-motion conference on their proposed motion to dismiss, [D.E #22] Plaintiffs asked to file an amended complaint rather than address either of the Court's orders.  That is, Mr. Schwartz claimed his amended complaint would address both court orders. [D. E. #26] However, no amended complaint was ever filed before the parties asked to be sent to the Magistrate Merkl to try to settle. [D.E. #29].[4]

### B.  Mr. Schwartz's Declaration Does Not State Why Plaintiffs Were Successful Litigants

Mr. Schwartz provided a declaration under pains and penalties of perjury in which he claims Plaintiffs were successful litigants/prevailing parties, but none of the allegations in the declaration are indicative of Plaintiffs being successful litigants. Furthermore, his declaration does not state facts, rather, Mr. Schwartz restates allegations from his complaint, such as the constitution required an "election of officers was to take place three months after the union was certified", and that Defendant Smalls unilaterally changed the union ALU constitution to indefinitely put off an election".  Not only did Mr. Schwartz know by the time he submitted this application that these statements were false (D.E. #18, Declaration of Nieves) these statements in no way establish that Plaintiffs prevailed in this case. Indeed, had the case moved forward, even if Mr. Schwartz had filed an amended complaint, Defendants believe their contemplated motion to dismiss, as stated in their letter seeking the pre-motion conference, would have been granted as there were no facts pled in the original complaint, and none which occurred after the filing of

---

WL 4437771, at *2 (W.D.N.Y. Mar. 13, 2014), and do not establish an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages, *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015). The plaintiffs are directed to move for a preliminary injunction by August 14, 2023; the defendants must respond by September 13, 2023; the plaintiffs must file a reply, if any, by September 28, 2023. (Court Reporter Leeann Musolf.) (DG) (Entered: 07/14/2023)

[4] On page 2 of Mr. Schwartz's Memorandum of Law, he alludes to a Second Amended complaint making allegations of financial misfeasance, when no such Second Amended Complaint was filed.   Indeed, Mr. Schwartz knows that the Department of Labor, most likely at the behest of Mr. Schwartz, conducted a financial audit of the union finding no improprieties.   Defendants can provide such proof of this if requested but, the audit had nothing to do with the question of whether the Defendants had violated any laws or provisions of the constitution with respect to the timing of the first officer election.

the complaint which supported Plaintiffs' allegations that Defendants committed any acts which violated the LMRDA or the Union's constitution. Mr. Schwartz further implies that Defendants sought the sealing of further documents due to a concern that Plaintiffs allegations in an amended pleading would hurt Defendants' case, when the request for sealing was a joint request and based wholly on Mr. Schwartz having made statements in his original papers which were untrue which led to Amazon seeking to move to reopen the NLRB record on the union's certification. He understood that sealing was requested in order to preserve the certification, which his clients needed to preserve as well. [D.E. #28]

### C. Case Law Does Not Support Mr. Schwartz's Claim that the Plaintiffs Were Successful Litigants for the Purposes of Attorney's Fees Being Awarded

Since the passage of the many "fee-shifting" Civil Rights Statutes and 42 USC 1988 provides fee shifting to prevailing parties in section 1983 cases, the case law as to entitlement to attorney's fees has developed mainly in that context of these "fee shifting statues" where it is presumed that prevailing parties in this type of litigation would be entitled to reasonable attorney fees. No such presumption of fee shifting appears in the relevant provisions of Labor Management Reporting and Disclosure Act (LMRDA) or the National Labor Relations Act (NLRA) under which Union members may seek to enforce provisions of the union's constitution. Courts have also opined on cases of fee entitlement in the context of settled civil rights cases where a stipulation or consent agreement is so ordered by the court. This issue arose recently in the Second Circuit decision in *Sampson v. Stony Brook Univ.* 2025 U.S. App. LEXIS 4975 *4 the Circuit Court affirmed the District Court's denial of attorney's fees in a case under the Americans with Disabilities Act, where fees were to be presumed. In so doing, the Court stated:

> Under the ADA, the district court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 12205. "[P]laintiffs are only eligible for

[attorney's] fees if they achieve some material alteration of the legal relationship between them and their adversaries, **and** that change bears a judicial imprimatur." *Perez v. Westchester County Dep't of Corrections*, 587 F.3d 143, 149 (2d Cir. 2009) (emphasis omitted). Whether Sampson is a prevailing party is a question of law that we review without deference to the district court's reasoning. *Id. p.*

The Second Circuit decision requiring both a material change in the relationship of the parties and that the change bears a judicial imprimatur had been decided a few weeks before the Sampson decision by the Supreme Court in *Lackey v. Stinnie*, 145 S. Ct. 659, decided on February 25, 2025.

The question before the Supreme Court was whether the Plaintiffs, who were successful in achieving a preliminary injunction, had gained a transient or lasting victory and whether they needed a lasting victory with judicial imprimatur to be prevailing plaintiffs under 42 USC 1988.[5] In that case, the victory the Plaintiffs claimed in a preliminary injunction against the Virginia Motor Vehicles department was rendered moot when the legislature passed a bill that addressed their case.

In discussing previous cases which supported the Court's rationale, the Court stated:

We were not persuaded that §1988(b) "authorizes federal courts to award attorney's fees to a plaintiff who" filed a "potentially meritless lawsuit" and "reached the 'sought-after destination' without obtaining any judicial relief." *Id.*, at 606, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (quoting *id.*, at 634, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (Ginsburg, J., dissenting)). Id. 668.

As applied to the present case and Mr. Schwartz's application for fees, the settlement agreement entered as a consent order did not reflect at all that Mr. Schwartz successfully

---

[5] The Supreme Court in Lackey stated: "At the time §1988(b) was adopted, Black's Law Dictionary defined "prevailing party" as the party "who successfully prosecutes the action or successfully defends against it." Black's Law Dictionary 1352 (rev. 4th ed. [***10] 1968). It explained that prevailing party status "does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it." *Ibid.*; accord, Ballentine's Law Dictionary 985 (3d ed. 1969). A prevailing party, in other words, is "[t]he party ultimately prevailing when the matter is finally set at rest." Black's Law Dictionary 1352. Id 667.

5

maintained the claims he brought. The Settlement Agreement made no reference to any LMRDA claims and specifically disclaimed that the timing of a potential officer election in the settlement was based on the constitution that Mr. Schwartz had relied upon to support his complaint. Indeed, Defendants are of the opinion as expressed in their pre motion conference letter on the motion to dismiss, that Mr. Schwartz had brought a meritless case, which Defendants agreed to for the reasons stated in the consent order, to wit: to allow the parties to unite to fight together for a collective bargaining agreement. The legal relationship of the parties did not materially change in this agreement. Defendants did not agree that they had illegally refused to hold an election for union officers in March of 2023. They remain members of the same union who have the same rights under the LMRDA and other labor laws as the Plaintiffs.

   II. **The Cases Mr. Schwartz Relies On Require the Plaintiff to be a Successful Litigant before the Court may consider whether the Litigation Confirmed a common benefit**

Mr. Schwartz heavily relies on the case of *Hall v Cole*, 412 U.S. 1 (1973). In this case, the Supreme Court addressed the legality of awarding attorney's fees to successful litigants in cases where the success obtained by the Plaintiff conferred a common benefit on all members of the union. In *Hall*, the Plaintiff had been expelled from his union for putting forth resolutions critical of the union leadership's undemocratic practices. He was reinstated by an injunction, and after trial, the court found the union had violated Section 102 of the LMRDA. In awarding attorney's fees of $5,500, the Court had justified creating an exception to the American Rule, that parties pay their own fees, (in the absence of fee shifting statutes) that where the Plaintiffs action created a common benefit to all members of the union by vindicating his free speech rights in the union, he should not have to shoulder the burden of the fees himself. The decision was based on prior cases where this common benefit exception had been applied.

6

Critical to the decision in *Hall v Cole* was that Plaintiff was a successful litigant who had proven the union had violated his free speech rights under the LMRDA. In other words, before turning to whether Plaintiff's action created a common benefit for all union members, allowing them not to be fearful of expressing their views about the union leadership, the litigant had to be successful and prove his rights to free speech were violated. Mr. Schwartz cited several cases that applied the reasoning in *Hall* in other contexts, but in all cases, before the question of whether the successful litigant(s) conferred a common benefit on a class of members, to make an award of fees permissible, the litigants had to first successfully prove their claims.

In *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148 (2d Cir. 1994) as following the decision in *Hall*, the Court and jury found the union had violated the duty of fair representation and awarded damages. In *Donovan v. CSEA Local Union 1000*, 784 F.2d 98 (2d Cir. 1986), the Court found violations of the LMRDA with respect to the Secretary of Labor's post-election review of an internal union election under Title IV of the LMRDA. An intervenor was awarded fees under the "common benefit" exception to the American Rule in awarding fees, to compensate a successful plaintiff where his efforts have resulted in a substantial benefit to the members of an identifiable class of defendant beneficiaries. *See Hall v. Cole*, 412 U.S. 1, 5-7, 36 L. Ed. 2d 702, 93 S. Ct. 1943 (1973); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 393-94, 24 L. Ed. 2d 593, 90 S. Ct. 616 (1970). *In Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10, etc.*, 749 F.2d 1000 (2d Cir. 1984) the Court and Jury found a violation of the LMRDA that they had been denied fair hearings in violation of § 101 of LMRDA and wrongfully been barred from attending union meetings and that they were entitled to tape-record their disciplinary trials and to be retried before a different union tribunal from that which had found them guilty.

Mr. Schwartz, in his application, cites no violations of law that his litigation proved. He completely ignores that he must be a successful litigant in the first instance before the court can consider the common benefit issue. He ignores the definition of successful litigant or prevailing parties in the case law. He implies that his lawsuit may have been a catalyst for the settlement, but the Supreme Court in *Buckhannon Board & Care Home, Inc.* v. *West Virginia Department of Health and Human Resources*, rejected the "catalyst theory"—the theory that a plaintiff may receive attorney's fees under §1988(b) when he "achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U. S., at 601, 121 S. Ct. 1835, 149 L. Ed. 2d 855; see *id.*, at 600, 121 S. Ct. 1835, 149 L. Ed. 2d 855.

Based on his lack of success in this case, the Court should not go forward to determine whether the lawsuit provided a common benefit to the union members. Without a determination of success, Mr. Schwartz is not entitled to attorney's fees.

III. **Mr. Schwartz's Application Suffers Other Deficiencies**

    A. **Mr. Schwartz has Not Provided the Court A Copy Of His Retainer With the Plaintiffs**

As this Court is aware, the Union from which Mr. Schwartz seeks fees from is opposing his application along with Defendant Smalls. The current President and Vice President of the Union, Connor Spence and Brima Sylla, were Plaintiffs in the lawsuit against Defendants. Mr. Schwartz, however, has not provided the Court with a copy of his retainer to show his agreement with the Plaintiffs as to the intended scope of his services, or whether to whether he was paid by the Plaintiffs for his work on the case. Mr. Schwartz has experience in assisting dissident union factions in more established unions, in litigation, where his pay for successfully backing the dissident slate of candidates is to become the union's general counsel of the union if the slate he represented was successful. Defendants have no idea if that is the case, but if there was an

8

agreement to hire him as the union's general counsel if the Plaintiff's candidates won, then his actions in filing this case appear self-interested rather than seeking to vindicate rights violated by the Defendants.

### B. It Would Not be Equitable to Raid the Union Treasury to Pay Legal Fees

As shown above, Mr. Schwartz's clients were not prevailing parties. As unsuccessful litigants, Mr. Schwartz is not entitled to fees. Further, as this Court may be aware, the Union agreed not to charge the workers any union dues until such time as they secured a collective bargaining agreement. For this reason, the Union has to rely on support from the public, and after the Teamster Affiliation, support from the Teamsters. Had it not been for the fact that the workers at JFK8 in Staten Island voted overwhelmingly to affiliate with the Teamsters, the Union would not have had the ability to pay for the required mailing to the members, advising them of their right to vote in the Union election.[6] The Union may not use money from the Teamsters Union to pay Mr. Schwartz's fee request, as the affiliation agreement provides that the Teamsters are not responsible for bills incurred prior to affiliation.

There is also continued resistance by Amazon to recognize and collectively bargain with the Union. After the full NLRB panel turned back Amazon's last challenge to the Union's certification on August 29, 2024, Amazon filed a lawsuit in the Western District of Texas to challenge the ruling and the constitutionality of the NLRA itself. There is no telling when the case will be decided, but in the meantime, the union is still seeking to build strength to bring Amazon to the bargaining table.

---

[6] Even with the mailing there was a very low voting rate which could be attributed to workers not liking the contention between the various union candidates, and a desire for the union leaders to work for a contract.

**IV. Conclusion**

Mr. Arthur Schwartz is not permitted to be awarded fees for the work he did on behalf of the Plaintiffs. The Plaintiffs were not successful litigants, giving them no basis to invoke a common benefit exception to the American Rule regarding attorney's fees. Mr. Schwartz's application for attorney's fees is not legally or factually supported and should thus be denied.

Dated:
May 05, 2025
Brooklyn, New York

                                              Respectfully submitted,

*Jeanne Mirer*
Jeanne Mirer
Ria Julien
Julien Mirer & Associates, PLLC
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201