UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DR. BRIMA SYLLA, et al,

                    Plaintiffs,

          -against-

AMAZON LABOR UNION, and CHRIS SMALLS,
as President of the Amazon Labor Union,

                   Defendants.
-----------------------------------------------------------------X

Civil Case No. 23-5261

### PLAINTIFFS' REPLY MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION
### FOR ATTORNEYS FEES

### INTRODUCTION

This Reply Memorandum of Law is submitted in response to the Memorandum in Opposition filed by Attorney Jeanne Mirer. In it she principally asserts that Plaintiffs were no successful litigants, and makes some oblique opposition to the rate sought by counsel, essentially asserting that she believes that there is some secret deal which resulted in some other form of payment. The facts responding to these assertions are laid out in the Reply Declaration of Arthur Schwartz, and will not be repeated at length in this Memorandum of Law.

### ARGUMENT

### POINT I

### PLAINTIFFS ARE ENTITLED TO
### AN AWARD OF ATTORNEYS' FEES

As set out in detail in the Schwartz Reply Declaration, Plaintiffs, in the Second Amended Complaint, filed under seal at the Defendant's request, and the Court's order, sought to have a membership vote about whether to have the union; s first election ever in its history, and then, if the vote was in the affirmative, to have that election supervised by a Court appointed Master. This was, after several months of negotiations, what was agreed to. The members then

voted to have an election, and the election was successfully held, under the supervision of a Court-appointed Neutral Monitor.

Attorney Mirer spends considerable time analyzing this fee application under law developed in Federal Civil Rights cases under 42 USC Sec. 1988. But this fee application has nothing to do with that fee-shifting statute.

This application is made pursuant to the common benefit standard, as applied to Labor Management Reporting and Disclosure Act ("LMRDA") case, following the Supreme Court's decision in *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943 (1973). The Supreme Court did so by analogizing some union democracy cases to cases where , a union democracy case directly on point, a union was required to pay attorney's fees in a case brought pursuant to the Labor Management Reporting and Disclosure Act. The Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.,* does not provide for awards of attorney's fees for a prevailing party. However, in *Hall* the Supreme Court analogized some union democracy cases to the situation where [F]ederal courts do not hesitate to exercise this inherent equitable power whenever "overriding considerations indicate the need for such a recovery."… One situation in which attorney's fees may be awarded to a successful party is where the plaintiff's successful litigation confers "a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." Id at 5. The Court continued that "reimbursement of respondent's attorneys' fees out of the union treasury simply shifts the costs of litigation to the class that has benefitted from them and that would have had to pay them had it brought the suit." *Id* at 8.

Nowhere is *Hall,* or any other decision we cite, does a court require the free speech rights of members have to be vindicated in order for fees to be awarded. *Donovan v. CSEA Local Union 1000, American Federation of State, County and Municipal Employees,* 784 F.2d 98, 102

(2d Cir.1986) is exactly on point. There the work of an Intervenor's attorney helped vindicate the rights of members of Local 1000 members to a fair and democratic election.

Here, the plaintiffs came to court asserting that the ALU leadership had changed the union constitution so as to deny the members the right to have an election. They had petitioned (with 800 signatories) for a meeting to vote there should be an election. They sued in July 2023, and as a result of the litigation the members got to vote about whether to have an election, and after they voted, they had an election supervised by a Court-appointed Neutral Monitor, which resulted in the election of new leadership. The entire ALU membership benefitted, not just Plaintiffs.

## POINT II

## THE FEES AND TIME SOUGHT ARE REASONABLE

Attorney Mirer does not raise any objection to the $675 rate sought by Plaintiffs' counsel, except to infer that there was some sort of agreement to have counsel waive fees in return for becoming union counsel. That hearsay assertion is debunked in the Schwartz Reply Declaration. Otherwise, counsel asserts no objection to the rate sought, or the hours expended, which, we assert, are both reasonable numbers.

If anything, Exhibit C to the Schwartz Reply Declaration, which shows 117 reported decisions in internal union dispute cases, established that he is at the top of this highly specialized area of litigation, and should be compensated accordingly.

A $675 per hour fee applied to 196.65 hours of work, results in a fee request of $132,738.75. Plaintiffs submit that such an award, plus the $500 initial filing fee , is a reasonable fee award.

## CONCLUSION

For the above-stated reasons, attorney's fees should be granted in favor of Plaintiffs and against the defendant union in the sum of $132,738.75.

Dated: New York, New York
       May 18, 2025

**ADVOCATES FOR JUSTICE,**
**CHARTERED ATTORNEYS**
Attorneys for Plaintiffs

By: /s/ *Arthur Z. Schwartz*
    Arthur Z. Schwartz
    225 Broadway, Suite 1902
    New York, New York 10007
    (212) 285-1400
    aschwartz@afjlaw.com